GERTRUDE STONE *v.* EVERETT H. BRIGGS.

February Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 5, 1942.

*Ezra S. Dike* for the plaintiff.

*Wayne C. Bosworth* for the defendant.

BUTTLES, J. By writ dated Oct. 11, 1941, the plaintiff brought her action in contract in Addison Municipal Court against the defendant to recover on a judgment rendered by that court on April 9, 1940, against the defendant in favor of the plaintiff. The affidavit required by P. L. 2171 having been made and filed the writ issued against and was served upon the body of the defendant as a claimed absconding debtor. Upon service of the writ A. E. Briggs and Ruth Briggs became surety for the defendant by endorsing their names on the writ as bail in accordance with the provision of P. L. 2147. On Oct. 24, 1941, the parties entered into and filed with the court a stipulation which provided for payment by the defendant to the plaintiff of the sum therein named in semi-monthly installments. The stipulation then continued: ''In case of default in making any payment, the creditor shall be entitled to judgment for such portion of said sum as has not been paid, with any costs not included in the above sum; and at the time of entry of such judgment the creditor shall be entitled to a certified execution.''

Thereafter, on Dec. 5, 1941, the plaintiff moved for judgment on the stipulation on the ground that the defendant was in default in making the stipulated payments. Hearing on that motion was set for Dec. 10, 1941, and on that date the defendant filed a motion in which it was recited that the defendant had been adjudged a bankrupt on Nov. 28, 1941, by the United States Dis-

trict Court for the District of Connecticut, and that the debt upon which the plaintiff was seeking judgment was dischargeable in bankruptcy and had been listed in the defendant's schedules. Wherefore the defendant prayed that further proceedings in the pending action be stayed until the bankruptcy court should determine the question of the defendant's discharge in the pending bankruptcy proceedings. It was conceded by counsel for both parties that the defendant was in default in his payments under the stipulation and that he had been adjudicated a bankrupt but had not been discharged in bankruptcy. Defendant's motion for a stay was granted, an exception allowed, and the cause passed to this Court before final judgment under the provisions of P. L. 2072 and P. L. 1431. We do not consider the propriety of this procedure as no question is raised in regard thereto.

The federal bankruptcy act provides, U.S.C.A. 11, Sec. 29 a, that a suit founded upon a claim from which a discharge in bankruptcy would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition. The same section further provides, in effect, that if such person is adjudicated a bankrupt such action may be further stayed until the question of his discharge is determined. The pleadings in the present case indicate that the claim upon which the action is founded is one dischargeable in bankruptcy, and there is nothing in the record before us indicating the contrary, unless it be the stipulation above referred to and hereinafter considered. There seems to be a question whether the above statutory provision lays down a rule for courts other than courts of bankruptcy, *Connell et al.* v. *Walker,* 291 U. S. 1, 54 S. Ct. 257, 258, 78 L. Ed. 613; but however that may be it is our rule that the question of granting a continuance is within the sound discretion of the trial court. *Land Finance Corp.* v. *St. Johnsbury Wiring Co.,* 100 Vt. 328, 333, 137 Atl. 324; *Massuco* v. *Tomassi,* 78 Vt. 188, 195, 62 Atl. 57. The plaintiff does not question that this is so, but contends that in granting the motion for a stay the court abused its discretion and thereby prejudiced her rights.

A stay of proceedings in a state court does not operate as a bar to the action, but only as a suspension of proceedings

until the question of the bankrupt's discharge shall have been determined by the United States Court sitting in bankruptcy. *Hill* v. *Harding,* 107 U. S. 631, 27 L. Ed. 493, 2 S. Ct. 404, 406. Plaintiff contends that she was entitled to immediate judgment in accordance with the stipulation above referred to. The last clause of the stipulation necessarily implies that the judgment contemplated was one that would support a certified or close jail execution. By P. L. 2170 it is provided that "A person who is a resident of any of the United States shall not be arrested or imprisoned on mesne process issuing on a contract, express or implied, or on an execution issued on a judgment recovered in an action founded on such contract, except as hereinafter provided." It is true that a proceeding under the absconding debtor act may, under some circumstances, result in an execution against the body of the defendant, by virtue of a proper affidavit filed when mesne process issues in accordance with P. L. 2171, *Davis* v. *Dorr,* 30 Vt. 97, 99; *Converse* v. *Washburn,* 43 Vt. 129, 131. But that is not the same kind of process as a so-called certified or close jail execution. P. L. 2196 reads thus:

> "In an action for the recovery of money or property held in trust or in a fiduciary capacity, if it appears to the court that a defendant intentionally converted such money or other property to his use, or diverted or misapplied the same, or the use thereof, it shall adjudge that the cause of action arose from the wilful and malicious act or neglect of such defendant and that he ought to be confined in close jail, and issue execution against his body, with a certificate thereof, stated in or upon such execution; and such execution, with such statement or indorsement, shall have the same effect as an execution issued on a judgment founded on a tort, with a like statement or indorsement."

Our statutes contain no other provision for issuance of a certified or close jail execution in a contract action except on *scire facias* to revive a like judgment previously rendered. The dec-

laration does not show that this was an action of the nature indicated by P. L. 2196. No facts were stipulated from which the findings and adjudication required by that section could properly be made. It does not appear that there was any proof or offer of proof of such facts. Before such facts could be found and the required adjudication made there would have to be facts or circumstances properly before the court for its consideration warranting such findings and adjudication, and in the absence thereof the rendering of the judgment and issuance of the execution contemplated by the stipulation would have been improper and erroneous. *In re Thompson,* 111 Vt. 7, 13, 14, 9 Atl. 2nd 107. That the parties could not, by stipulation, require the court to do something that was not in its power to do is self evident and requires no citation of authority. ·

The plaintiff also contends that she was entitled to immediate judgment in order to perfect her rights against the persons who became bail for the defendant on the writ. But under P. L. 2163 the liability of the sureties would not be fixed until plaintiff had obtained judgment against the principal, had caused execution thereon to be put into the hands of a qualified officer, and had caused a legal return of *non est inventus* to be made thereon within the time limited by the statute. Those cases which have held that under some circumstances, under the present and under similar former bankruptcy acts, a plaintiff may have a limited or qualified judgment against a discharged bankrupt so as to enable plaintiff to proceed against sureties upon a bond conditioned to pay such judgment as the plaintiff may recover against the principal cannot avail the plaintiff here. See *Stoddard* v. *Locke et al.,* 43 Vt. 574, 576, 5 Am. Rep. 308. Even if, by proper procedure, she might have had such a limited or qualified judgment as would enable her to proceed against the sureties prior to the determination of the principal's discharge in bankruptcy, plaintiff did not follow such proper procedure here, but was seeking a judgment and execution in a form in which they could not be granted. But in *Hill* v. *Harding,* 107 U. S. 631, 27 L. Ed. 493, 2 S. Ct. 404, 406, it was held under circumstances similar to those here existing, but under a somewhat more drastic provision of an earlier bankruptcy law, that such special judgment should not have

been rendered prior to the bankrupt's discharge, and that the Illinois court should have stayed proceedings until that time. The plaintiff's contention is not helped by the fact that the issuance of the execution which is a condition precedent, under P. L. 2163, to the establishment of any claim by her against the sureties, might be barred by the defendant's discharge in bankruptcy.

Plaintiff's contention that the stipulation for judgment determines that the claim upon which her action is based is not dischargeable in bankruptcy is disposed of by what we have already said about that stipulation. Whether the claim is dischargeable or not depends upon the facts. That the stipulation contains suggestions that would be appropriate for a non-dischargeable claim certainly is not conclusive when those suggestions are inconsistent with the case made by the pleadings and with the proceedings previously had therein.

It cannot be said that the discretion of the trial court was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, which in this state is the recognized test of abuse of discretion. *Houran, Admr.* v. *Preferred Accid. Ins. Co. of New York,* 109 Vt. 258, 270, 195 Atl. 253; *Temple* v. *Atwood,* 99 Vt. 434, 435, 135 Atl. 591, 592.

The plaintiff's motion for reargument presents no grounds which are not fully covered by the foregoing opinion and the motion is therefore denied.

*Judgment staying proceedings affirmed and cause remanded.*