## Marilyn N. Sheldon v. Northeast Developers, Inc.

[ 238 A.2d 775 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 6, 1968

*Ryan, Smith & Carbine* and *Andrew C. Calvi* for the plaintiff.

*Williams & Williams* for the defendant.

**Barney, J.** Water in the cellar and cracks in the foundation walls and cellar floor after her first winter in her new home led the plaintiff to complain to the defendant builder. The matter culminated in this litigation in which she recovered a verdict below. The defendant brings the case to this court, asking that the result be reversed and the cause remanded for a new trial. Its claim is that the charge of the trial court had errors and omissions with respect to the extent of damages recoverable. It has briefed two issues as grounds for reversal.

■ The first complains of the court's failure to charge on the issue of mitigation of damages. The point was raised by an exception to the charge which seemed to combine an attack on the court's claimed failure to inform the jury that the plaintiff could not recover damages brought on by her own acts, and the asserted lack of explanation that the plaintiff's right to damages might be reduced by her failure to mitigate the consequential harm. Such an inexact and alternative attack is insufficient to apprise the court of the deficiency claimed so as to put it in error. *Croteau* v. *Allbee,* 117 Vt. 332, 335, 91 A.2d 803. This is particularly true where there was no request to charge on the point.

■ However, we will divide the two claims and come first to the issue of the plaintiff's causation of the damage. The trial court, in its charge, restricted the plaintiff's right to recover specifically to any defective work "due to the fault of the defendant corporation." This necessarily excludes recovery for any damage caused by anyone else, including the plaintiff. See *Larrow* v. *Martell and Cobb,* 92 Vt. 435, 438-439, 104 A. 826. The case went to the jury on a charge that permitted recovery only for damages consequent to any defective foundation and concrete work for which the defendant was responsible. It does not appear that further elaboration would contribute anything to understanding, and the court is entitled to measure its own development of the issues in its charge, so long as they are sufficiently presented. *Rae* v. *Green Mountain Boys Camp,* 122 Vt. 437, 441, 175 A.2d 800.

■ The issue of mitigation is also argued. As to this point the defendant claims the charge is silent, a situation which the defendant did not aid by making any request, but to which it merely took exception after the charge was given. See *Mercier* v. *Holmes,* 119 Vt. 368, 376-377, 125 A.2d 790. On this issue the defendant had the burden of proof, the burden of presenting evidence sufficient to raise the issue. 22 Am.Jur.2d "Damages" §297, p. 395. Mitigation relates to protective or preventive measures to be taken after the operation of the original causative factor, with a view to reducing the harm or preventing its increase. It is also given the more appropriate title of "the doctrine of avoidable consequences." See 22 Am.Jur.2d "Damages" §30, pp. 50-52.

In this case there is no evidence attributing any particular damage to the failure to take any remedial measures following the cracking of the walls and cellar floor. The damage evidence of the plaintiff directed itself to the cost of repairing the structural defects. The defendant put in no evidence of the measure of any damage brought about by failure to mitigate. It did not discharge its burden.

A further consideration has to do with the undisputed offer of the defendant to make repairs. Such an offer excuses any duty to act to mitigate damages for at least as long as the plaintiff was reasonably entitled to expect the defendant might act. *Vermont Salvage Corp.* v. *Northern Oil Co.,* 118 Vt. 337, 340, 109 A.2d 267. In this case, such expectation can be said to blanket the period from the time the trouble was discovered to the time the suit was brought. The house was built in the summer of 1964. The trouble was discovered in January, 1965, and reported to the defendant. At that time, and from time to time thereafter, it promised to make repairs after the construction season started in May. Suit was commenced in September, 1965. The presence of this evidence was sufficient to relieve the court of any requirement to charge as to mitigation of damages. *Vermont Salvage Corp.* v. *Northern Oil Co., supra,* at 342, 109 A.2d 267.

The other exception taken to the charge stated that there was an entire failure on the part of the court to give the jury any definition of the measure of damages to be used by them. The court instructed the jury that the damages involved were the amount of money required to restore the plaintiff's house to what it should have been had the contract been properly performed. Since the evidence did not demonstrate a cost of repair so inordinate and excessive as to be unreasonable and wasteful, the charge appropriately and correctly used the "reasonable cost" measure of *Kathan* v. *Bellows Falls,* 126 Vt. 86, 89, 223 A.2d 470.

In its brief the defendant complains that an extra word "together" in the charge invited the jury to increase the award by items of damage whose cost was not established in the evidence. One answer to this argument is that the jury verdict was within the range of the experts' maximum and minimum estimates of costs for the repairs alone, without considering any additional sums for an award in the nature of interest also authorized by the charge. *Colson* v. *State Hwy. Bd.,* 122 Vt. 392, 396, 173 A.2d 849. If the court did misspeak

itself, the defendant has failed to establish any prejudice as a consequence. *Parker* v. *Hoefer,* 118 Vt. 1, 11-12, 100 A.2d 434, 38 A.L.R.2d 1216.

*Judgment affirmed.*