### Dorothy Goslant v. Elmer L. Goslant

[290 A.2d 22]

No. 120-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 4, 1972

*Gelsie Monti,* Barre, for Plaintiff.

*McKee, Clewley & FitzPatrick,* Montpelier, for Defendant.

**Per Curiam.** A divorce was granted the plaintiff by the Washington County Court on June 8, 1971. The only matter controverted at the hearing was the value of real estate in Middlesex, Vermont, owned by the parties. Both parties waived findings of fact on the merits and only requested findings relating to the disposition of the property. The property consists of a ranch style house situated on approximately twenty-three acres of land.

During the course of the trial the defendant testified that the property in question was worth about $10,000.00. Howard

Dindo of Barre, Vermont, was called as a witness by the plaintiff. Mr. Dindo is a real estate broker with twenty-one years of experience in Washington County. He viewed the property and based upon comparable values in the Middlesex area valued the entire property at $20,000.00. He also testified that if the house and one acre thereof were sold separately that the fair market value of that portion of the entire property would be $10,000.00 to $11,000.00.

The court found the value of the entire real estate to be $20,000.00. It decreed the same to the defendant free and clear of any interest of the plaintiff, subject to a first lien in favor of the plaintiff in the amount of $10,000.00, payable at the rate of $2,000.00 per year, the first payment to be made June 1, 1972, and continuing each year thereafter until fully paid.

On or about June 14, 1971, defendant filed a motion to reopen the case to hear additional testimony, to wit, a real estate broker, with respect to the value of the real estate in question. He sought this relief under the provisions of subsection (b) of 15 V.S.A. § 553 which provides:

> "Upon its own motion or on application of either party, at any time before the decree becomes absolute and upon such notice as the presiding judge shall direct, the court may reopen the cause, hear additional testimony and make new decree therein."

Defendant's motion to reopen the case for the foregoing requested purpose was denied by the trial court as a matter of judicial discretion.

On appeal by the defendant the narrow question presented and briefed is whether or not the court below abused its discretion by its denial of the motion.

The recognized test in this state of abuse of discretion is whether the discretion of the trial court was exercised on grounds clearly untenable, or to an extent clearly unreasonable. *Stone* v. *Briggs*, 112 Vt. 410, 415, 26 A.2d 828, 831 (1942); *John* v. *Fernandez*, 124 Vt. 346, 348, 349, 205 A.2d 552 (1964).

 No reason was given why the additional evidence was not presented at the trial. No abuse of discretion has been demonstrated. The ruling denying the motion to reopen the case is too plainly within the court's discretion to require further comment.

*Affirmed.*