**Ella Cartin v. Continental Homes of New Hampshire, Continental Homes of New England, and Leo and Edith Nauceder**

[360 A.2d 96]

No. 220-75

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed June 1, 1976

*Natt L. Divoll, Jr.*, Bellows Falls, for Plaintiff.

*Thomas M. French*, Brattleboro, for the Nauceders.

*J. Eric Anderson* of *Fitts & Olson*, Brattleboro, for Continental Homes of New Hampshire and Continental Homes of New England.

**Larrow, J.** Plaintiff brought action against the defendants to recover a deposit she had made toward the purchase of a

mobile home, and claimed damages for non-delivery. Defendants answered, claiming non-delivery was the fault of the plaintiff, and defendants Nauceder, dealers for the other defendants, counterclaimed for losses sustained by them as a result of plaintiff's cancellation. The trial court, after hearing, dismissed plaintiff's action, and found for the defendants Nauceder on their counterclaim.

Extensive recital of the somewhat involved transaction is not required because the appealing plaintiff does not question the factual findings here, except the amount of the damages awarded. She claims (1) error in denying her right to consult with counsel, (2) error in denying a continuance to permit securing another attorney so that her trial counsel could testify, and (3) error in awarding damages to the Nauceders.

The transcript furnished, transcribed from a recording, reveals little about the claimed denial of plaintiff's right to consult her counsel. With commendable candor, however, the attorneys for the appellees have conceded that the trial judge, during a recess taken while plaintiff was testifying, did in fact require the presence of counsel in chambers for the purpose of preventing plaintiff's counsel from consulting with her to straighten out her testimony. The record does not show any objection taken when the trial was resumed.

The United States Supreme Court has recently had occasion to consider the general subject matter of attorney-client consultation in criminal causes. *Geders* v. *United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed. 2d 592 (1976). Criminal causes, of course, bring into play the Sixth Amendment right to counsel. In *Geders* the Court concluded that denying a respondent the right to consult with counsel during a 17 hour recess of the court violated the Sixth Amendment guarantee. It recognized, by indirection, that short denials of the right to consult counsel might well lie within the discretion of the trial judge, as by continuing examination without interruption until completed. But it also recognized that such action should not be arbitrary, suggesting as one possible ground a doubt "that trial counsel will observe the ethical limits on guiding witnesses."

■ ■ This is not, of course, a criminal case. But the same general considerations governing what is, in effect, tem-

porary sequestration of a party witness seem applicable under the requirements of procedural due process. Absent any suggestion in the record that there was danger of counsel failing to observe "ethical limits" we see no valid reason for the conceded action of the trial judge. We would hold, in line with the concurring opinion in *Geders*, that there is at least abuse of discretion, if not constitutional infirmity, in *any* order barring communication between a party and his attorney, at least where that communication would not interfere with the orderly and expeditious progress of the trial.

It does not, however, follow that reversal is required. Even noting the infirmities of the recording system in use, no objection to the court's action appears to have been made when trial was resumed. No request for opportunity to confer appears to have been made. And we are not directed, in appellant's brief, to any particular matter as to which consultation could have been helpful. In this posture of the case, added to the fact that no finding of the court within the scope of appellant's possible testimony is here under question, we deem that the burden of demonstrating prejudice by the action in question has not been met. *Crawford* v. *State Highway Board*, 130 Vt. 18, 285 A.2d 760 (1971). Nor do we feel that the action of the trial court, while perhaps ill-advised, clearly demonstrates prejudice against the appellant. *Eno* v. *City of Burlington*, 125 Vt. 8, 209 A.2d 499 (1965).

 Plaintiffs claim of error in denying her motion for continuance stands no better. A continuance is within the discretion of the trial court. Its ruling must be upheld unless that discretion is exercised upon grounds clearly untenable, or to an extent clearly unreasonable. *Goslant* v. *Goslant*, 130 Vt. 210, 290 A.2d 22 (1972).

Plaintiff's attorney sought to take the stand as a rebuttal witness with respect to testimony of correspondence and conversation between himself and an employee of one of the defendants. He asked for a continuance to secure another attorney to represent plaintiff, claiming that his taking the stand would disqualify him from further participation. The questions involved in plaintiff's claim of error in denying this motion are governed by the provisions of the American Bar

Association Code of Professional Responsibility, in effect in this State by administrative order.

Obviously, the desirability of counsel testifying was either known in advance, or suddenly apparent during trial. If known in advance, under DR 5-101(B) the offered employment should have been refused, and suit should have been instituted by other counsel, since none of the exceptions to the general rule are here in issue. If, as appellant contends, the need for the testimony only became apparent during trial, an attorney is not completely precluded from taking the stand. If circumstances do not permit his withdrawal from conduct of the trial, he may testify, although he should not argue his own credibility. EC5-10, Note 10. In a court case, conducted as here without summation, no problem of argument is presented. From the record, it would appear that the possibility of testifying should have been apparent, but even if it were not, prejudicial error does not appear. Counsel could have testified. The grant of a short continuance would undoubtedly have been better procedure, but we cannot say that the bounds of discretion were exceeded, or that prejudice has been made to appear.

■ The third claim of error relates to the damages awarded against the plaintiff. Those damages included three elements. The first was loss of a $300.00 deposit made by the Nauceders to the other defendants when they ordered the mobile home in question. This they forfeited when they had to cancel the order, because plaintiff cancelled her order to them. The second was loss of 2% of the balance, which they would have saved as a discount by prompt payment to the manufacturers. The third was their loss of profit. In short, they were allowed what they actually lost as a result of plaintiff's unchallenged cancellation, plus the profit they would have realized had the transaction been completed as contracted. We see no error in this computation. All the elements seem reasonably within the contemplation of the parties, so that damages payable to a third person as a result of the breach, as well as loss of profit, are recoverable. *Berlin Dev. Corp.* v. *Vermont Structural Steel,* 127 Vt. 367, 250 A.2d 189 (1968). Plaintiff argues that the defendants Nauceder could have completed *their* purchase of the mobile home and sold it to someone else.

There is, of course, a general duty to mitigate damages, but the burden of showing this could have been done is on the party asserting it. *Sheldon* v. *Northeast Developers, Inc.,* 127 Vt. 15, 238 A.2d 775 (1968). That burden is not met by merely arguing the possibility; absent concrete evidence, the issue is speculative, since the result could well have been a greater, rather than a lesser, loss to the defendants.

The trial court correctly computed the damages of the defendants Nauceder and then deducted the retained deposit made by plaintiff to determine the net judgment for defendants on their counterclaim.

*Judgment affirmed.*

**Billings, J.** (Dissenting). I join in most of the majority opinion, but I am unable to agree with the Court's conclusion that the denial of the right to confer with counsel during a recess, due to the lack of showing of prejudice, does not require reversal. I would reverse and remand for a new trial.

As the majority concluded, the principle enunciated in *Geders* v. *United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) may apply under procedural due process in civil cases and any order barring communication between a party and his attorney when it does not interfere with the orderly progress of the trial is not only an arbitrary abuse of discretion but infringes on basic constitutional rights. It follows that in such a posture prejudice automatically exists without further action or showing on the part of the aggrieved.

Although the record here is somewhat sketchy because of inadequate recording procedures, all counsel on oral argument conceded that the presiding judge prevented plaintiff's counsel from communicating with his client during a recess without cause or justification, and this is error.