## Lectro Management, Inc. v. Freeman, Everett & Co., Inc.

[400 A.2d 986]

No. 215-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 3, 1979

114

*Ralph Chapman,* Brattleboro, for Plaintiff.

*McCarty & Rifkin,* Brattleboro, for Defendant.

**Per Curiam.** This case previously appears in 135 Vt. 213, 373 A.2d 544 (1977) where it was remanded for the computation of damages. The computation was made below based on the then state of the record. The defendant challenges the resulting judgment against it on the ground that the plaintiff made no sufficient attempt to mitigate damages, and brings the case here once more.

As this Court has frequently noted, the burden of showing the possibility of mitigation of damages is on the party asserting it. *Cartin* v. *Continental Homes of N.H.,* 134 Vt. 362, 367, 360 A.2d 96 (1976); *Sheldon* v. *Northeast Developers, Inc.,* 127 Vt. 15, 17, 238 A.2d 775 (1968). Since there was a finding in the original case that the plaintiff made no attempt to mitigate damages, the defendant argues that its burden has been discharged.

The argument runs that the duty to mitigate in this case included a responsibility to take back the equipment involved and resell it. This contention merely reintroduces the concept of rescission as a consequence of a different doctrine in the face of established law in this case that rescission was not an available remedy. *Lectro Management, Inc.* v. *Freeman, Everett & Co., supra,* 135 Vt. 213, 217, 373 A.2d 544 (1977).

Moreover, even were the remedy available and appropriate, the defendant has not fulfilled its evidentiary burden. No showing of the measure of the dimunition, if any, of the loss was presented by way of a concrete evidentiary offer, rather than speculative argument, as is required by *Cartin* v.

*Continental Homes of N.H., supra,* 134 Vt. at 367, 360 A.2d 96. Under the circumstances, however, even such a proffer, if made, could not avoid the previous adjudication on the issue of rescission and could properly be rejected by the trial court.

■ The defendant also argues for a measure of damage based on the value of the equipment at the time of its acceptance under *Redd Distributing Co.* v. *Bruckner,* 128 Vt. 635, 639, 270 A.2d 580 (1970). But that case speaks of the damages where there has been a conversion, and is not applicable to this case.

In short, the defendant has demonstrated no legal deficiency in the assessment of damages in this case, and the result reached below must stand.

*Judgment affirmed.*