# Basil Kokoletsos v. Frank Babcock & Son, Inc., Frank Babcock, Ruth Babcock, Ray Babcock and Gloria Babcock; Vermont Housing Finance Agency, Intervenor-Appellant

[538 A.2d 178]

No. 83-614

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned

Opinion Filed December 4, 1987

*Gensburg & Axelrod*, St. Johnsbury, for Plaintiff-Appellee.

*Edwin W. Free, Jr.*, of *Richard E. Davis Associates, Inc.*, Barre, for Defendants-Appellants.

**Peck, J.** Defendants appeal a judgment enforcing a secured promissory note. We affirm.

On appeal, appellants raise two issues; first, that the trial court's denial of a continuance was an abuse of discretion, and second, that the trial court erred by failing to render judgment in

favor of appellants on the basis of the affirmative defenses of economic duress and lack of consideration.

The facts are not disputed. Plaintiff Basil Kokoletsos and defendants Frank and Ray Babcock were shareholders in a corporation, Frank Babcock & Son, Inc. (corporation). The corporation was formed primarily to construct and manage a state and federally subsidized housing project for the elderly, to be located in Barton, Vermont.

In order to construct the project the state required the posting of a bond. In exchange for providing $160,000 of credit to obtain the bond, and working capital of up to $15,000 to be given before the corporation obtained commercial financing, plaintiff was given a 50% interest in the corporation. Defendants Frank and Ray Babcock were given a 25% interest in the corporation and, in exchange, transferred to the corporation title to a substantial quantity of land.

Soon after execution of the shareholder's agreement plaintiff was asked to advance money to the corporation to purchase a farm for the project. This $50,000 advance was the first of a series of requests for money by defendants which eventually totalled $283,795.93. Defendants took longer than anticipated to construct the housing project and they incurred large cost overruns.

Vermont Housing Finance Agency (VHFA) was committed to lend the corporation $493,229 upon substantial completion of the housing project. In order to close on the financing for the project, however, VHFA required an authorizing resolution from the corporation. Plaintiff had become concerned about his loans, so he refused to sign the resolution unless the defendants individually signed a promissory note secured by a mortgage in the amount of $266,975.22. If plaintiff did not sign the resolution the VHFA closing could not take place. There is no evidence that any of the individual defendants protested, refused, or otherwise objected to the granting of further security to plaintiff. The note was executed on April 14, 1980, along with the mortgage deeds securing the note.

Plaintiff commenced an action against the defendants on July 8, 1980 to collect on the secured note. Plaintiff obtained judgment and foreclosed his judgment lien against certain property owned by the corporation. Subsequently, plaintiff brought suit to determine defendants' personal liability for the deficiency on the note.

Trial was originally set for April 23, 1983. However, the trial date was continued to May 31, 1983 due to illness of the presiding judge. The May 31, 1983 date was then continued to July 5, 1983 by stipulation of counsel, because the date conflicted with a personal obligation of defendants' counsel. By motion dated June 20, 1983, defendants Ray and Gloria Babcock requested a continuance from the July 5, 1983 trial date due to their long-standing vacation and business plans. A supporting affidavit was also filed. The continuance was denied. Trial was held on July 5 and 6, 1983, in the absence of defendants Ray and Gloria, although they were represented at trial by counsel. It is from a judgment against the defendants in the amount of $146,412.32 that defendants appeal.

Defendants first contend that the trial court's denial of their motion for a continuance was an abuse of discretion. It is well settled that the "granting of a continuance by the trial court is a matter of discretion." *In re R. S.*, 143 Vt. 565, 570, 469 A.2d 751, 754 (1983) (citing *Granai* v. *Witters*, 123 Vt. 468, 470, 194 A.2d 391, 392 (1963)). Further, the trial court's "ruling must be upheld unless that discretion is exercised upon grounds clearly untenable, or to an extent clearly unreasonable." *Cartin* v. *Continental Homes*, 134 Vt. 362, 365, 360 A.2d 96, 99 (1976) (citing *Goslant* v. *Goslant*, 130 Vt. 210, 290 A.2d 22 (1972)).

A week before trial, defendants filed a motion and supporting affidavit for a continuance pursuant to V.R.C.P. 40(c) and (d). The rule establishes that, ordinarily, the only grounds for a continuance after the second day of the term will be the sickness of counsel or parties, the rulings of the Administrative Judge as to conflicting appointments of trial attorneys or the "unavoidable absence" of a material witness or evidence. V.R.C.P. 40(c)(2). As the first two grounds clearly did not apply, defendants apparently moved under the "unavoidable absence" ground.

V.R.C.P. 40(d)(1) specifies information to be included in an affidavit which accompanies a motion for a continuance. The required information includes the reason for the motion; the time the reason was first known; and if the motion is grounded on the absence of a witness, the substance of the expected testimony, and the measures taken to procure his or her attendance or deposition. V.R.C.P. 40(d)(1). This rule "reflects the concern that courts must have for the orderly use of court facilities" and is designed to avoid unnecessary delays by seeking out alternatives

to postponement while accommodating the rights of the parties. *Thorburn* v. *Town of Norwich*, 141 Vt. 242, 244, 448 A.2d 141, 142 (1982).

In the instant case, defendants failed to comply with the requirements of V.R.C.P. 40(d)(1) by only providing the reason for the continuance request and not the necessary additional information in the supporting affidavit. In addition, the trial court was told that the expected testimony would be corroborative of the testimony of another defendant. V.R.C.P. 40(d)(2) dictates, in pertinent part, that "[t]he court may refuse to continue the case when satisfied that such evidence . . . is merely cumulative . . . ." Therefore, we cannot say that the denial of the continuance was an abuse of discretion.

■ Defendants' second claim of error was that the court improperly failed to grant them judgment on the grounds of economic duress. The law of duress has been broadened in many jurisdictions to apply in situations where the coercive circumstances resulting in the claim of duress are economic. See *Cheshire Oil Co.* v. *Springfield Realty Corp.*, 118 N.H. 232, 236-38, 385 A.2d 835, 838-39 (1978); *Gerber* v. *First National Bank*, 30 Ill. App. 3d 776, 779, 332 N.E.2d 615, 618 (1975). One court has held that in order to prevail on the issue of economic duress (1) the coercion must be directed toward economic interests; (2) "one side must have involuntarily accepted the terms of another"; (3) "the coercive circumstances must have been the result of the acts of the opposite party"; and (4) " 'there must be some threat to do something harmful which the threatening party has no legal right to do.' " *Cheshire Oil Co.*, 118 N.H. at 236-37, 385 A.2d at 839 (quoting *Morrill* v. *Amoskeag Sav. Bank*, 90 N.H. 358, 365, 9 A.2d 519, 525 (1939); see also *Fruhauf Southwest Garment Co.* v. *United States*, 111 F. Supp. 945, 951 (Ct. Cl. 1953) (sets out elements common to situations where duress has been found to exist).

In the present case, the court found no evidence that any defendant protested, refused, or objected to the execution of the note. In addition, the court found that each defendant acknowledged to the attorney for the corporation "that they were assuming their obligation as a free act and deed." Viewing the evidence in the light most favorable to plaintiff, *Brouha* v. *Postman*, 145 Vt. 449, 451, 491 A.2d 1038, 1039 (1985) (citations omitted), we find ample evidence to support the court's conclusion that defendants failed to prove economic duress.

■ The defendants' final claim of error is that defendants Ruth and Gloria Babcock should not be liable on the note due to failure of consideration. They held no interest in the debtor corporation so there was no consideration for their liability on the note. The burden is on defendants to establish the lack of consideration defense by a preponderance of the evidence. *Gramatan Nat'l Bank & Trust Co.* v. *Pierce*, 121 Vt. 406, 415, 159 A.2d 781, 786 (1960).

We find that the trial court correctly concluded that the Babcocks signed the secured note as accommodation parties within the purview of 9A V.S.A. § 3-415. Accommodation makers are "bound on the instrument without any resort to [their] principal . . . ." 9A V.S.A. § 3-415 comment 1. The obligation of accommodation makers is "supported by any consideration for which the instrument is taken before it is due." 9A V.S.A. § 3-415 comment 3. The findings here clearly support the trial court's conclusions. Defendants extended their personal liability on the note in order to secure new financing at the loan closing. Therefore, defendants have failed to prove the affirmative defense of lack of consideration.

*Affirmed.*