*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-476

JUNE TERM, 2013

| | |
|---|---|
| Logan Nutter | } APPEALED FROM: |
| | } |
| | } Superior Court, Caledonia Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Charles R. Fenoff, Jr. | } DOCKET NO. 258-9-08 Cacv |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Defendant in this trespass action appeals from a judgment of the superior court, civil division, awarding damages to plaintiff in the amount of $20,000. Defendant contends: (1) the court erred in measuring damages based on the cost of repairing the property rather than the diminution in value; and (2) the damages awarded were unreasonable in light of the value of the property affected; (3) the court erred in relying upon speculative evidence in calculating the damages; and (4) plaintiff failed to meet his burden in proving damages. We affirm.

The material facts may be summarized as follows. The parties are neighbors whose properties front on Kidder Road in the Town of Waterford. Defendant purchased his property in April 2006; plaintiff acquired his in June 2006. Kidder Road was a one-lane Class 4 road. Prior to his purchase, defendant obtained the Town's permission to upgrade Kidder Road. Accordingly, in the fall of 2006 and winter of 2007, defendant performed extensive work on the road, widening and straightening sections, installing a culvert, and altering the elevation in parts to improve drainage. Defendant owns an excavating company and performed the work himself. The trial court found that, in the process of performing the work, defendant tore out trees, destroyed stone walls, and dumped debris—which included large stones, gravel, and tree stumps—down an embankment onto plaintiff's property.

In August of 2008, plaintiff commenced this trespass action. In September 2008, plaintiff filed an amended complaint in the superior court seeking, along with other relief, an order requiring defendant to remove the materials dumped on his property and restore the land to its pre-construction condition, and damages.[*] On June 29, 2012, the trial court conducted a site visit and later held a one-day trial. Defendant conceded liability, so that the issue focused largely on damages. Plaintiff and defendant testified in their own behalf. In addition, plaintiff called an expert witness, Mark Bannon, a civil engineer who had examined the site and formulated four repair options with cost estimates. The first option involved the use of specialized equipment to remove the debris, estimated to cost between $20,000 and $30,000. The second contemplated removal by

---

[*] Plaintiff also sued the Town of Waterford, but subsequently dismissed his claims against the Town.

hand at an estimated cost of $15,000 to $30,000. The third called for terracing the road to create work platforms before removal, at a cost of $30,000 to $50,000. The fourth involved construction of a route to access the debris from the bottom, estimated to cost between $30,000 and $100,000. Defendant testified that he could perform the repair work himself for a cost of approximately $1,500 to $3,000.

The trial court issued a written decision in December 2012. The court concluded that the proper and reasonable measure of damages was the cost of repair, that defendant's estimates were unreasonably low, and that the second option proposed by plaintiff's expert—removal of the debris by hand—was the least likely to affect the stability of the area and the most reasonable under the circumstances. Accordingly, the court awarded damages of $20,000, noting that it was within the estimated range of $15,000 to $30,000. This appeal followed.

Defendant contends the trial court erred in awarding damages based on the cost of repairing the property rather than its diminution in value. He relies on this Court's observation in Bean v. Sears, Roebuck & Company, that "the reasonable cost of repair" of property damaged by the defendant's negligence may be an appropriate measure of damages "[i]f the injury is temporary in the sense that restoration can cure the harm" whereas if the damage "is permanent and beyond full repair, the variance in value of the property before and after the injury affords the better guide to a just award." 129 Vt. 278, 282 (1971). As we explained, no hard and fast rule obtains: "It all depends upon the character of the property and the nature and extent of the injury." Id.

Defendant argues that in this case the alleged damage is permanent and irreparable such that the proper measure of damages is diminution in value. In making this argument, he points to plaintiff's own testimony that "in a perfect world I'd like to see it back to the way it was, but I've come to terms with the fact that that seems out of reach" and that he would never "feel the same" about the place. This statement by plaintiff is not inconsistent with a finding that the property can be reasonably restored. While expressing pessimism about the possibility of complete restoration, plaintiff also presented expert testimony about the various restoration options and their costs and benefits. Consistent with this evidence, the court found that the damage "cannot be said to be permanent," and noted that plaintiff had presented substantial evidence on the cost of repair.

Defendant further asserts that it was improper for the court to award damages because the cost of repairing the property was disproportionate to the diminution in value. See Sheldon v. Northeast Developers, Inc., 127 Vt. 15, (1968) (holding that jury instruction solely on cost of repair was proper where "the evidence did not demonstrate a cost of repair so inordinate and excessive as to be unreasonable and wasteful"). Defendant argued in this regard that the diminution in value to plaintiff's property caused by the work could be determined by multiplying the area covered by the debris, about 1,450 square feet or four percent of an acre, by the cost per acre of $795, for a loss in value of $31.82.

As noted, the trial court here rejected this argument, expressly finding that plaintiff's proposed costs of repair did not "rise to the level of waste" in light of the harm caused by defendant's transformation "of a portion of [plaintiff's] property from an open forest to bony rocks covered with hydroseed and debris." The court thus concluded that defendant's "proposed measure of damages would not adequately compensate [plaintiff] for the harm [defendant's] trespass has caused," and that the cost of repair was therefore "the appropriate measure of damages." In determining the cost of repair, the trial court considered the reasonableness of the various

2

restoration options presented by plaintiff's expert and expressly rejected one as unduly costly and thus unreasonable under the circumstances.

We will not disturb the trial court's findings unless clearly erroneous, nor its conclusions if reasonably supported by the findings. First Quality Carpets, Inc. v. Kirschbaum, 2012 VT 41, ¶ 20, ___ Vt. ___, 54 A.3d 465. In light of this standard, and the record evidence and findings summarized above, we discern no basis to disturb the trial court's conclusion that—considering the "character of the property and the nature and extent of the injury"—the cost of repair was not so disproportionate to the diminution in the value of plaintiff's land as to render it an unreasonable measure of damages. Bean, 129 Vt. at 282.

Defendant further contends that the estimated costs of repair provided by plaintiff's expert were not sufficiently certain to provide a reasonable basis for the court's award of damages. We view the evidence in this regard in the light most favorable to the prevailing party, and will uphold the court's award if there is any evidence which fairly and reasonably tends to support it. Ferrisburgh Realty Investors v. Schumacher, 2010 VT 6, ¶ 22, 187 Vt. 308. The evidence must allow the factfinder "to estimate damages with reasonable certainty." Id. (quotation omitted); see also Lemnah v. American Breeders, Inc., 144 Vt. 568, 580 (1984) (we will uphold damage award where evidence is sufficient to allow factfinder to "estimate the amount within reasonable limits based upon the evidence").

Viewed in light of this standard, the court's ruling may not be overturned. Plaintiff's expert testified that he was experienced and routinely provided estimates of this kind, and acknowledged that they were "ballpark figures" which described a range of costs for the four options because each would be subject to permitting requirements of various kinds which could contain conditions, the stability of the bank remained uncertain, and contractors' costs could vary. Based on the expert's experience and testimony, the trial court here could reasonably find that the evidence was sufficient to "estimate the amount [of repair costs] within reasonable limits," Lemnah, 144 Vt. at 580, and the court was also careful to make an award on the low end of the least expensive option which also posed the least risk to further destabilizing the embankment. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

3