STATE OF VERMONT

SUPERIOR COURT
Docket No. 75-7-18 Vtec

<div style="border:1px solid">

Burns 12 Weston Street NOV

</div>

## ENTRY REGARDING MOTIONS

Count 1, Municipal DRB Notice of Violation (75-7-18 Vtec)

Title:          Motion to Amend SOQ (Motion 3)

Filer:          Charles and Cynthia Burns

Attorney:   Brian P. Hehir

Filed Date:  June 20, 2019

Response in Opposition filed on 07/02/2019 by Attorney Norman C. Williams
    for Appellee Neighbors
Response in Opposition filed on 07/09/2019 by Attorney Kimberlee J. Sturtevant
    for the City of Burlington

Title:          Motion for Enlargement of Time (Motion 4)

Filer:          Charles and Cynthia Burns

Attorney:   Brian P. Hehir

Filed Date:  June 20, 2019

Response in Opposition filed on 07/02/2019 by Attorney Norman C. Williams
    for Appellee Neighbors

Response in Opposition filed on 07/09/2019 by Attorney Kimberlee J. Sturtevant
    for the City of Burlington

**The motions are DENIED.**

Charles and Cynthia Burns appeal a Notice of Violation ("NOV") issued by the City of Burlington ("City") regarding the Burnses' use of their property for an unpermitted duplex. The Burnses' property is located at 12 Weston Street in Burlington, Vermont ("the Property"). The Burnses assert that the City is estopped from pursuing a zoning enforcement action against them because of prior statements it made related to the duplex. Alternatively, they assert that the City

may not commence an enforcement action when the unpermitted use has existed for more than fifteen years pursuant to 24 V.S.A. § 4454(a).[1]

Presently before the Court are two motions filed by the Burnses.  First, the Burnses move to amend their Statement of Questions to add a third question.  Next, the Burnses move for an extension of the deadline for filing motions for summary judgment related to their Question 2, which pertains to the fifteen-year limitation on certain municipal zoning enforcement actions alluded to above.  The City and a group of nearby property owners ("Neighbors") oppose both motions.  We consider each in turn.

The Burnses' motion to amend seeks to add the following question to their Statement of Questions:

> Whether or not the City has recognized and ratified the duplex use of 12 Weston Street by virtue of the issuance of a certificate of 'Non-Applicability of Zoning Permit Requirements' by Ken Lerner, the-then [sic] zoning administrator, dated June 3, 2014, resulting in the City now being estopped from deeming the duplex use a zoning violation.

Applicant's Mot. Amend at 1.[2]

This Court liberally allows motions to amend unless there has been undue delay or bad faith, prejudice will result, or the amendment is futile.  In re Laberge Shooting Range JO, No. 96-8-16 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. Jan. 4, 2017) (Walsh, J.) (citing In re Appeal of Town of Fairfax, No. 45-3-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.); Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1).  Trial courts have discretion in deciding a motion to amend.  Colby, 2008 VT 20, ¶ 4.

In assessing whether any delay in the filing of the motion is undue, this Court considers "the amount of time that has passed since the litigation began, the steps that have been taken by the court and the parties in moving the litigation forward, and the reason for the delay."  In re Korrow Real Estate, LLC Act 250 Permit Amendment Application, No. 29-3-16 Vtec, slip op. at 3-4 (Vt. Super. Ct. Envtl. Div. Feb. 15, 2017) (Durkin, J.).

The Burnses filed the present motion to amend about eleven months after their original Statement of Questions.  See id. (considering the amendment late when it was filed seven months after the Statement of Questions and stating that "we are less inclined to grant such a motion absent a reasonable explanation.").  Also, as noted above, litigation surrounding the Burnses' use of the Property for a duplex has continued for five years.

---

[1] For a more complete history of the litigation surrounding the Property, which has proceeded in this docket and one other over the last five years, see this Court's April 5, 2019 Decision on multiple motions.  In re Burns 12 Weston Street NOV, No. 75-7-18 Vtec (Vt. Super. Ct. Envtl. Div. Apr. 5, 2019) (Durkin, J.); see also In re Burns Two-Unit Residential Bldg., 2016 VT 63, 202 Vt. 234 (remanding a prior iteration of the dispute between the Burnses, their neighbors, and the City); In re Burns Two-Unit Residential Bldg., No. 120-8-14 Vtec (Vt. Super. Ct. Envtl. Div. May 11, 2017) (Walsh, J.) (resolving the prior docket).

[2] The Burnses' Question 1, which is part of their original Statement of Questions, also raises an estoppel claim premised on a letter sent by the City in response to a neighbor's complaint regarding the Property.

While this Court has been receptive to amendments filed when discovery has commenced but is still ongoing, here discovery closed two months prior to the Burnses' motion. See, e.g., In re B & M Realty Act 250 Application, No. 103-8-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 26, 2013) (Walsh, J.) (granting a motion to amend when the parties were in the "middle of discovery" and had six months to file pretrial motions). Further, this Court initially set a discovery deadline of January 30, 2019, in this matter. We already extended this deadline by three months at the Burnses' request. See Burns, No. 75-7-18 Vtec at 6-7 (Apr. 5, 2019). If this Court allows the amendment, we must either reopen discovery to allow the City and Neighbors the opportunity to explore the potentially fact-intensive equitable estoppel claim, further delaying this matter, or proceed and unfairly deprive these parties of the ability to accumulate evidence.

In addition, the Burnses moved to amend eleven days before the extended July 1, 2019 deadline for summary judgment motions.[3] As with the discovery deadline, the Court already extended the period for summary judgment motions by four months at the Burnses' request. As this period has now expired, the delayed motion to amend has put us in a position where we must either deny the motion, allow the motion and once again extend the summary judgment deadline, or allow the motion and deny the other parties the opportunity to address the proposed Question on summary judgment. See Town of Fairfax, No. 45-3-03 Vtec, slip op. at 5 (June 13, 2005) (denying a motion to amend after summary judgment concluded); see also In re Wool, No. 2016-344, slip op. at 2 (Vt. Mar. 2017) (mem.) (citing Gauthier v. Keurig Green Mountain, Inc., 2015 VT 108, ¶ 46, 200 Vt. 125).

A large part of our assessment of undue delay centers on the reason for the delay. See, e.g., In re Huntington Remodeling Application, No. 210-10-07 Vtec, slip op. at 4-5 (Vt. Envtl. Ct. Nov. 5, 2008) (Durkin, J.) (allowing an amendment seven months after the Statement of Questions because the moving party provided a reasonable explanation); In re Brisson Gravel Extraction Application, No. 34-3-13 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Nov. 7, 2014) (Walsh, J.). Courts are more receptive to tardy motions to amend when the delay relates to new developments in the evidence relevant to the amendment, which usually result from discovery. See, e.g., Abad v. People's United Bank, No. 286-10-09 Lecv, slip op. at 14-16 (Vt. Super. Ct. May 2, 2011) (Pearson, J.); cf. Conant v. Khamnei, No. 2015-130, slip op. at 2-3 (Vt. Aug. 2015) (mem.) (affirming denial of the motion to amend because the movant did not advance any new facts and the discovery deadline had passed).

Here, the Burnses supply no explanation for only now seeking to add a new theory to their equitable estoppel claim. They premise this theory on a City of Burlington Department of Planning and Zoning form entitled "Non-Applicability of Zoning Permit Requirements" ("Certificate of Non-Applicability"). The Certificate of Non-Applicability is dated June 3, 2014, and bears Mr. Burns' signature. It featured at the center of litigation in this Court in the prior docket; going up to the Vermont Supreme Court and back. This is not new evidence that has

---

[3] While the motion to amend did come before the close of the July 1, 2019 summary judgment deadline, we consider the period for summary judgment effectively closed. Filing days before this window closed did not give this Court adequate time to rule on the motion before the deadline passed, much less to allow the City and Neighbors to then file for summary judgment on an equitable estoppel claim that they had no chance to develop through discovery.

emerged during the discovery process. The Burnses could have advanced this theory when the present round of litigation began nearly a year ago. In the absence of a reasonable excuse, they cannot do so now.

Based on the discussion above, we **DENY** the Burnses' motion to amend their Statement of Questions to add Question 3.[4] Because the Burnses already moved for summary judgment on Questions 1 and 3, we recognize that the portions of their motion that relate to Question 3 are **MOOT**.

We next turn to the Burnses' motion for enlargement of time. The Burnses request that this Court further extend the deadline for filing motions for summary judgment relating to Question 2 of their Statement of Questions.[5] They ask that we condition a new deadline for motions addressing Question 2 on the Vermont Supreme Court issuing a decision in the In re 204 North Avenue NOV case, which went up on appeal from this Court in October 2018. See In re 204 North Avenue NOV, No. 160-11-17 Vtec (Vt. Super. Ct. Envtl. Div. Sept. 26, 2018) (Durkin, J.) (decision appealed from). The Burnses assert that the Supreme Court's decision in the 204 North Avenue appeal will control the outcome of Question 2, so a stay or extension of summary judgment is necessary for efficiency's sake.

While the Burnses title this a request for an extension of time, we consider this more akin to a motion to stay a select part of the matter, or a request for a continuance. See In re Woodstock Cmty. Tr. & Hous. Vt. PRD, 2012 VT 87, ¶ 36, 192 Vt. 474 (citing Stone v. Briggs, 112 Vt. 410, 412-13 (1942)) (describing this form of a stay as a "suspension of proceedings" until a specific event in a related case occurs that is "in the nature of a continuance"). This is a request over which trial courts have significant discretion. Id. (citing Kokoletsos v. Frank Babcock & Son, Inc., 149 Vt. 33, 35 (1987)). A party seeking a stay in this form "must make out a clear case of hardship or inequity in being required to go forward" if the stay will damage other parties' interests. Id. (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

The Burnses cite to no cases or authority to support their motion. While there is precedent to guide us on stays or continuances generally, this Court's independent research reveals no instances where summary judgment was postponed in anticipation of a Supreme Court decision in an unrelated appeal.

Though rare, Vermont Courts, including the Environmental Division, have stayed proceedings to await the outcome of a *related* case or appeal. See, e.g., Agency of Nat. Res. v. Supeno, No. 98-8-15 Vtec, slip op. at 1 n.1 (Vt. Super. Ct. Envtl. Div. May 15, 2017) (Walsh, J.) (discussing a motion to stay the proceedings because of a related case in the Civil Division, which involved the same property and government action); In re Chipman Hill Estates PUD, No. 39-2-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. May 15, 2006) (Durkin, J.); cf. In re Killington Resort Parking Project Act 250 Permit Application, No. 173-12-13 Vtec (Vt. Super. Ct. Envtl. Div. May 13, 2015)

---

[4] Having reached this conclusion, we do not reach the City and Neighbors' other arguments related to the futility of the amendment.

[5] The Burnses' Question 2 asks whether "the City may commence zoning enforcement of the duplex use when the use has existed for more than 15 years." The Question is premised on the fifteen-year limitation on certain municipal enforcement actions established by 24 V.S.A. § 4454(a).

(Durkin, J.) (denying a motion for continuance and stay despite a case in the Civil Division adjudicating property rights). None have halted proceedings to wait an unspecified period of time for a Supreme Court decision in an independent matter that may have bearing on a relevant issue.

We decline to initiate this line of case law in Vermont.[6] We rarely grant motions to stay a proceeding conditioned on the outcome of another proceeding, even when the cases are interdependent and related. Here, the Burnses seek a stay for the potential precedential value of an entirely unrelated matter.

With this comes uncertainty as to the actual deadline. As discussed above, we have already extended the time for filing summary judgment motions at the Burnses' request. The Burnses now ask for an indefinite extension that could further stall motion practice for months. If granted, the stay will certainly delay the final resolution of this litigation.

There is also no guarantee that the roaming deadline the Burnses propose would pay dividends. It is not proper or efficient for this Court to guess at the outcome of the 204 North Avenue case, its eventual precedential value, or its applicability to the present matter. Further, the case may settle or be otherwise disposed of, returning us to the position we currently occupy, none the wiser.

Lastly, summary judgment itself is a pretrial measure premised on the efficient resolution of cases. While summary judgment can serve to narrow the relevant issues, it is not a requisite step along the way to the fair and timely resolution of a case. The Burnses' right to pursue summary judgment does not include the right to wait for potentially favorable case law, but they still have the full and fair opportunity to be heard on their Question 2. This matter is far from concluded.

For these reasons, this Court will leave the scheduled summary judgment deadline intact to "ensure summary and expedited proceedings consistent with a full and fair determination" pursuant to our obligation under V.R.E.C.P. 1. We therefore **DENY** the Burnses' motion to enlarge the time for filing a summary judgment motion on Question 2.

**So Ordered.**

Electronically signed on August 08, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

---

[6] This conclusion, and the discussion that follows, is not intended to foreclose the possibility of this type of action in other circumstances and relates only to this Court's management of the present docket.

Notifications:

Brian P. Hehir (ERN 4252), Attorney for Appellants Charles and Cynthia Burns

Kimberlee J. Sturtevant (ERN 4778), Attorney for Interested Person the City of Burlington

Norman C. Williams (ERN 2739), Attorney for Appellees Michael & Caryn Long, Paul Bierman, Hamilton Davis, Kathleen Donna, Alex Friend, Greg Hancock, Kari Hancock, Susan Moakley, Matt Moore, Mary Moynihan, Candace Page, Scott Richards, Peg Boyle Single, Richard Single, and Sandra Wynne.