VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 17-2-20 Vtec



| Town of S. Hero v AIR Development, LLC et al |
| --- |

### ENTRY REGARDING MOTION

Title:      Motion to Stay Enforcement Action (Motion #2)

Filer:      Zlotoff Foundation, Inc. and AIR Development, LLC ("AIR")

Attorney:   Brian P. Monaghan

Filed Date:  March 24, 2020

Response in Opposition filed 04/10/2020 by Attorney William Andrew MacIlwaine for the Town of South Hero

**The motion is DENIED.**

The Town of South Hero ("Town") brings this municipal enforcement action against AIR Development, LLC ("AIR") and Zlotoff Foundation, Inc. ("the Foundation"), seeking fines and injunctive relief to address certain alleged zoning violations.  The Town issued two Notices of Violation ("NOVs") describing the alleged violations, and the Foundation has filed an appeal of the NOVs which is also pending before this Court (Docket No. 69-6-19 Vtec).  The NOV appeal has been coordinated with this enforcement action.  Presently before the Court is a motion by AIR and the Foundation ("Defendants") to stay this action during the pendency of dispositive motions in the NOV appeal.

Defendants move to stay this proceeding pursuant to V.R.E.C.P. 5(e).  We typically consider four factors to determine whether to grant such a request: "(1) [the moving party's] likelihood of success on the merits; (2) irreparable harm to the moving party should the stay be denied; (3) substantial harm to other parties should the stay be granted; and (4) the best interests of the public."  110 East Spring Street CU, No. 11-2-16 Vtec, slip op at 5 (Vt. Super. Ct. Envtl. Div. Apr. 22, 2016) (Walsh, J.) (citing In re Tariff Filing of New England Tel. and Tel. Co., 145 Vt. 309, 311 (1984)).  We consider a stay to be an "extraordinary remedy appropriate only when the movant's right to relief is clear."  Howard Center Renovation Permit, No. 12-1-13 Vtec, slip op at 1 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2013) (Walsh, J.).

In this case, Defendants' motion to stay is "more akin to . . . a request for a continuance." See Burns Weston 12 Street NOV, No. 75-7-19 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 8,

2019) (Durkin, J.); *see also* In re Woodstock Cmty. Tr. & Hous. Vt. PRD, 2012 VT 87, ¶ 36, 192 Vt. 474 (citing Stone v. Briggs, 112 Vt. 410, 412–13 (1942)) (describing this form of a stay as a "suspension of proceedings" until a specific event in a related case occurs that is "in the nature of a continuance"). This is a request over which trial courts have significant discretion. Woodstock, 2012 VT 87, ¶ 36 (citing Kokoletsos v. Frank Babcock & Son, Inc., 149 Vt. 33, 35 (1987)). A party seeking a stay in this form "must make out a clear case of hardship or inequity in being required to go forward" if the stay will damage other parties' interests. Id. (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).

While a stay of this the nature may be necessary in some situations, "[w]e rarely grant motions to stay a proceeding conditioned on the outcome of another proceeding, even when the cases are interdependent." Burns, No. 75-7-19 Vtec at 5 (Aug. 8, 2019). We conclude that a stay is not warranted here for two reasons. First, although Defendants cite several practical reasons to delay this proceeding, it does not appear to allege any harm to its interests if the stay is denied. *See* 110 East Spring Street, No. 11-2-16 Vtec at 5 (Apr. 22, 2016); Woodstock, 2012 VT 87, ¶ 36. Second, as the Town points out, V.R.E.C.P. 2(b) provides the Court with "broad discretion to determine the sequence and possible coordination of separate hearings or appeals concerning the same violation or project." *See* Reporter's Notes, V.R.E.C.P. 2(b). This proceeding is already coordinated with the NOV appeal, and we have discretion to address each case in the manner that prevents duplicative or conflicting rulings. As such, there is no need for a formal stay or continuance.

For the foregoing reasons, the Foundation's motion for a stay is **DENIED**. We request that the Court Operations Manager set both pending matters for a status conference, so that the Court may discuss with the parties final preparations and schedule for a site visit and trial.

**So Ordered.**

Electronically Signed at Newfane, Vermont on 9/24/2020 4:22 PMpursuant to V.R.E.F. 9(d).

Thomas S. Durkin, Superior Judge
Superior Court, Environmental Division