ANDREW B. OLSON, Appellee, v. HUGH M. SHULER et al., Appellants.

**TRIAL:** Instructions—Issues—Quantum Meruit. A denied plea of
1   *quantum meruit* for services rendered *must* be established, or plaintiff must fail, irrespective of whether the defendant does or does not establish his defensive plea that the contract of employment was different, and that thereunder the plaintiff had been paid. Instructions are necessarily erroneous when to the effect that defendant is entitled to the verdict only in case he establishes *his* claim as to the contract.

**TRIAL:** Instructions—Applicability to Pleadings—Understanding as to
2   Contract. An instruction to the effect that, if parties had different understandings as to the terms of a contract, that understanding should prevail against a party in which he had reason to suppose that the other understood it, is wholly inapplicable when the issue is whether one or the other of two different contracts was entered into.

**INTEREST:** Right in General—When Damages Complete. Interest is
3   recoverable on any claim from the date when the damages become complete, whether the claim arises out of express or implied contract, or in tort. (See Book of Anno., Vol. 1, Sec. 9404, Anno. 28 *et seq.*)

**APPEAL AND ERROR:** Harmless Error—Evidence Res Inter Alios.
4   Evidence *res inter alios* will ordinarily be regarded as harmless when the court specifically directs the jury to disregard it. (See Book of Anno., Vol. 1, Sec. 11493, Anno. 607 *et seq.*)

**EVIDENCE:** Relevancy, Materiality, and Competency—Quantum Meruit. On the issue of *quantum meruit* for services rendered, a former contract between the same parties for similar services performed under like conditions, and specifying the compensation, is admissible as a circumstance for the jury's consideration.

**CONTRACTS:** Requisites—Uncertainty as to Compensation. The fact that a contract of employment is fatally uncertain in its inception as to the compensation to be paid, is no ground for denying a *quantum meruit after the services have been fully performed.*

**ACCORD AND SATISFACTION:** Nature and Requisites—Execution. Principle recognized that an accord and satisfaction can exist only when there is a bona-fide dispute, a compromise as to the amount to be paid, and an execution of the compromise agreement.

Headnote 1: 13 C. J. pp. 750, 795 (Anno.) Headnote 2: 13 C. J. p. 795 (Anno.) Headnote 3: 40 Cyc. p. 2852. Headnote 4: 4 C. J. p. 991. Headnote 5: 22 C. J. p. 763. Headnote 6: 13 C. J. p. 320. Headnote 7: 1 C. J. pp. 528, 530, 554.

Headnote 2: 14 R. C. L. 784. Headnote 7: 1 R. C. L. 178.

*Appeal from Polk District Court.*—HUBERT J. UTTERBACK, Judge.

OCTOBER 19, 1926.

REHEARING DENIED MARCH 22, 1927.

Action to recover for services performed by plaintiff for defendants. From a judgment in favor of the plaintiff, the defendants appeal.—*Reversed.*

*Carr, Cox, Evans & Riley,* for appellants.

*Bradshaw, Schenk & Fowler* and *W. Z. Proctor,* for appellee.

ALBERT, J.—Appellee Olson had about thirty years' experience in the coal-mining business. The appellant Hugh M. Shuler, together with others, was interested in operating coal mines in Iowa. In 1919, appellee was employed by the Shulers to procure coal leases for them in the vicinity of Grimes, Iowa. As a result of such employment, 30,000 acres were contracted for, out of which 6,184 acres were accepted by appellants. Ap-

pellants paid appellee, to apply on services, the sum of $7,000. This action is to recover the claimed balance due for such services.

Appellee pleads his cause of action in three separate counts, which, of course, he is entitled to do, under the statutes.

The first disputed question before the court is whether or not any of these counts is based on an express contract, or whether each one states a cause of action based on a *quantum meruit.* We find, upon careful reading and comparison, that they do not state a cause of action based on an express contract. The appellee's action, therefore, is one on a *quantum meruit*, in which employment is alleged for services performed, without any express agreement for compensation therefor. This is the theory upon which the case was submitted by the court to the jury. Appellants' answer is a general denial.

1. TRIAL: instructions: issues: quantum meruit.

In the trial of the case, however, it was the contention of appellants that the contract between the parties was other and different than that alleged by appellee. They further claim that, in accordance with the terms of the contract, as they said it existed, they had paid appellee in full.

In one of the instructions given by the court, the jury was told, in substance, that the burden was on the appellants to show that the contract was as they claimed and that they had paid in full for the services under such contract, in which event the verdict was to be for appellants.

We are furnished with a very able brief on both sides of the case, touching the questions, first, as to what can be proven under a general denial, and second, where the burden of proof lies in case of a claim for payment. The law cited on both sides, however, seems quite inapplicable to the situation, as it goes to the question of a plea of payment of appellee's contract. In other words, if appellants had answered admitting the contract, and pleading that the same was paid in full, we would have a situation where the authorities cited, pro and con, would be applicable; but, in the instant case, such is not the situation. Appellants deny the contract sued upon by the appellee, and say that there was a contract between them, but that it was other and different from that claimed by appellee, and that, in pursuance of the terms of the contract claimed by appellants, ap-

pellee was paid in full. The burden of proof was on appellee to establish his contract as he alleged it, and on failure so to do, he was not entitled to recover, regardless of the question of whether appellants, by their evidence, established their claimed contract, or whether they paid in full under the contract claimed by them. In other words, appellants were entitled to introduce any testimony which would defeat appellee's contract, but the burden still rested on appellee to establish his contract as he alleged it. The instruction above referred to put the burden on appellants to establish, by preponderance of evidence, the contract claimed by them, and also to establish payment of such contract. It is therefore apparent that this instruction is entirely inapplicable and erroneous. So, if by appellants' testimony they could create such a situation as that the appellee had not met the preponderance of evidence, appellants would be entitled to a verdict, and they need not establish their contention by preponderance of evidence.

Instruction No. 8 is attacked as inapplicable to the facts in the case. This instruction is based on the following section of the statute, Section 11275, Code of 1924:

2. TRIAL: instructions: applicability to pleadings: understanding as to contract.

"When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it."

This instruction should not have been given, as the facts and situation in the case do not warrant it. *Park v. Best,* 176 Iowa 7.

Instruction No. 11 is also attacked as an incorrect statement of law. The only question involved is whether or not, if this appellee recovered, he was entitled to interest on the amount due him. The jury was instructed to allow such interest. Aside from our own cases, the general rule seems to be that, on unliquidated

3. INTEREST: right in general: when damages complete.

claims, interest is not allowed. 33 Corpus Juris 210, Sections 70–74. Iowa, however, has uniformly held otherwise. The rule as expressed in this state in damage cases is fully set out in *Bridenstine v. Iowa City Elec. R. Co.,* 181 Iowa 1124, where it is said that, when the damages are complete at a particular time, interest is allowable. The same is held in *Collins v. Gleason Coal Co.,* 140 Iowa 114; *Chamberlain v. City of Des Moines,* 172 Iowa

500; *Black v. Minneapolis & St. L. R. Co.,* 122 Iowa 32; *Moore v. Fryman,* 154 Iowa 534.

While it is true that these cases are tort cases, at the same time logic and, to our minds, better reasoning warrant us in saying that the same rule should be applied in the present case. The equity is that, where one owes a debt and fails to pay it, and the holder is compelled to litigate, he is entitled to interest on the amount then due. Such we hold the rule to be.

A lease contract with one Carney, designated as Exhibit 171, was admitted in evidence, over objection of appellants. It was undoubtedly error to admit this contract, as it was wholly *res inter alios*; but, as the court instructed the jury not to consider the same, it was error without prejudice.

4. APPEAL AND ERROR: harmless error: evidence *res inter alios.*

Other objections to the testimony grew out of the following situation: At a previous time, Shuler had employed appellee Olson and another to buy coal leases for him in Boone County. Under the terms of that contract, they were to receive $10 per acre. That contract was admitted in evidence over the objections of appellants, and such ruling is now assigned as error.

5. EVIDENCE: relevancy, materiality, and competency: *quantum meruit.*

The real question the jury had to decide was the reasonable value of the services of appellee. So long as this was the question, and the fact was that appellants had employed appellee before, under similar circumstances and conditions, to perform similar services, we are disposed to hold that such evidence was admissible; not that it could, alone, prove the services worth $10 per acre, but it was a circumstance which might be taken into consideration by the jury in determining such question. In one sense, it might be said to be an admission on the part of appellants that the amount contracted to be paid was a reasonable amount for such services.

Appellants, at the end of appellee's testimony, and also at the close of all the testimony, made a motion to direct a verdict in their favor. Both of these motions were properly overruled, as there was a substantial conflict in the testimony on the matter in dispute.

One other ground, however, in the motion needs attention. It is the claim of appellants that the contract relied on by appellee was void for uncertainty. It is true that, in one or more

6. CONTRACTS: req-
uisites.: uncer-
tainty as to com-
pensation.
places in his testimony, appellee says there was nothing said about pay except that appellants would "pay in a big way." In other places in his testimony, however, he puts it squarely that appellants "agreed to pay him." The court instructs the jury, under this situation, that, if appellee is entitled to recover, he is entitled to a reasonable compensation for his services; but appellants urge that, by use of the term "pay in a big way," the contract was uncertain, and void for that reason. They vigorously discuss the question, supporting their contention with numerous authorities. The argument made, however, does not quite fit the situation in the case. This is not a suit on executory contract. The services were completely performed before suit was commenced; hence, so far as appellee is concerned, the contract was executed. Generally speaking, the lean of the law is against the destruction of a contract for uncertainty; but, be that as it may, we have been unable to find any case holding that, after the services are completed, compensation therefor may be denied because the contract is indefinite or uncertain. The law seems to be the other way. *Vickery v. Ritchie,* 202 Mass. 247 (88 N. E. 835, 26 L. R. A. [N. S.] 810); *United Press v. New York Press Co.,* 164 N. Y. 406 (53 L. R. A. 289).

It would really be a discredit to the law, were we to hold that, after the employment is completed and the services performed, under a contract for service, payment could not be recovered therefor because of the indefiniteness or uncertainty of the contract. We refuse to so hold.

Much attention is given in argument to the question of accord and satisfaction. It is not in the case, because not pleaded, and because the facts would not give rise to such a

7. ACCORD AND
SATISFACTION:
nature and
requisites: exe-
cution.
question. There must first be a good-faith dispute as to the amount due, followed by an agreement of the parties that the dispute is to be settled by an agreed amount, and that amount is then paid and accepted in accordance with the agreement. *Beaver v. Porter,* 129 Iowa 41; *Sparks v. Spaulding Mfg. Co.,* 158 Iowa 491; *Ferguson v. Grand Lodge of I. L. of H.,* 174 Iowa 61; *Shahan v. Bayer Vehicle Co.,* 179 Iowa 923. More than this, the instruction here criticized was in square conflict with Instruction No. 3, given by the court.

Some other matters are discussed, but they will not arise on a retrial of the case, and hence we give no further attention to them.

The court erred, and the case is reversed.—*Reversed.*

DE GRAFF, C. J., and FAVILLE and MORLING, JJ., concur.