# Berlin Development Corporation v. Vermont Structural Steel Corporation

[ 250 A.2d 189 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

Motion to Amend Declaration and to Reargue Denied January 8, 1969

*Monti & Eldredge* for the Plaintiff.

*Wick, Dinse & Allen* for the Defendant.

**Keyser, J.** This appeal is here on questions certified to us by the court below in advance of trial of the case on its merits as provided by 12 V.S.A. §2386.

Plaintiff's action is brought to recover damages for the breach of a contract entered into in May 1961, to construct a metal building as required by the agreement and specifications. The basis of plain-

tiff's claim principally is that the roof was improperly constructed and defective thereby allowing water to leak into the building. The plaintiff seeks by an amended complaint to recover not only its own direct damages but also the right to collect for its tenants' damages for loss of business claimed by the tenants to have been suffered as a result of the leaks.

The stipulated facts show the following:

The plaintiff installed bowling and restaurant facilities in the constructed building. On October 18, 1961, it leased the bowling area to Twin City Lanes, Inc. and the restaurant section to T. C. Restaurant, Inc. The capital stock of these two corporations and that of the plaintiff corporation is owned and controlled by substantially the same individuals. The board of directors of each corporation likewise is substantially identical. During the following two winters the roof on the building leaked but the cause of the leaks is in dispute.

The plaintiff claims it was obligated to its tenants according to its leases to maintain the premises in a suitable condition and to forthwith repair damage that may occur, and fully protect the same against damage by the elements. It also alleges that each tenant made claims against the plaintiff corporation for business losses sustained by each tenant due to the leaks in the roof of the building.

The stipulated facts further show that the plaintiff claims that the board of directors of plaintiff corporation discussed the claims with the respective board of directors of each tenant corporation and that the plaintiff "agreed upon settlements" with Twin City Lanes, Inc., for $20,000.00 and the T. C. Restaurant, Inc., for $5,000.00. "But such sums have not been paid as yet." These "alleged settlements were made without notice to the defendant corporation."

The plaintiff argues that it may properly collect from the defendant in this action for the damages sustained by its tenants. The basis of this claim is that the defendant breached its contract by failing to properly construct the roof and that this caused the plaintiff to breach its lease agreement with each tenant. This, the plaintiff alleges, resulted in a loss of business suffered by each lessee, claim for which has been made against the plaintiff and the aforesaid settlements agreed upon. It also argues that evidence on the agreed settlements is admissible on this issue. The court ruled against the plaintiff on these claims.

The certified questions are:

"(a) May the Plaintiff, as LANDLORD, recover in this action against defendant damages claimed to have been sustained by TENANTS for alleged breach of contract by plaintiff, where plaintiff claims the breach was caused by the defendant?

·"(b) If the answer to (a) is in the affirmative, may the plaintiff corporation as LANDLORD, and having the same or substantially the same stockholders and Boards of Directors as the TENANT corporations, introduce as elements of damage settlements arrived at between plaintiff as LANDLORD and the two tenant corporations when the settlements were arrived at after negotiations between the Boards of Directors of each without notice to the defendant herein.

"(c) If the answer to (b) is in the affirmative, may the defendant herein introduce evidence to mitigate the settlement agreements?"

■■ There is no question but that plaintiff's action lies to recover general damages to the reversion. See 51 C.J.S. Landlord & Tenant §260; 32 Am. Jur., §78. And the landlord's rights are confined to his reversionary interests. *Stern* v. *Sawyer,* 78 Vt. 5, 10, 61 A. 36.

■■ However, a loss of income, or profits, of a tenant, or lessee, is not damage to the reversion. Rather, it is an injury to the lessee's possessory rights and, specifically, is consequential, or special, damage. And it is well settled that a right of action accrues in favor of a tenant for injuries to his possessory rights by a third person. 51C C.J.S. Landlord & Tenant §355 and 32 Am. Jur., §233. See also *Guild* v. *Prentis,* 83 Vt. 212, 214, 74 A. 1115; *Stern* v. *Sawyer, supra.*

■ In case of defective performance, the measure of damages is generally the reasonable cost of making the work performed or the article furnished conform to the contract. *Forsyth* v. *Mann,* 68 Vt. 116, 124, 34 A. 481, 32 L.R.A. 788; 22 Am. Jur. 2d Damages, §49.

■ Plaintiff's recovery of damages is limited to the damage which fairly and reasonably may be considered as arising naturally from the breach of contract itself, and such as may be reasonably supposed to have been in the contemplation of the parties at the time the contract is made. *Hadley* v. *Baxendale,* 156 Eng. Rep. 145, 5 Eng. Ru. Ca. 502.

■ The plaintiff urges that the settlement agreed upon with its lessees constitutes an accord and satisfaction between it and each lessee and extinguishes the original claim. The plaintiff acknowledges that these settlements have not been paid. No money has changed hands so the plaintiff has not demonstrated it has suffered any loss. In this situation the agreements are nothing more than an unexecuted accord and subject to rescission by either party. *Caledonia Sand & Gravel Co.* v. *Joseph A. Bass Co.,* 121 Vt. 161, 165, 151 A.2d 312. See also *Olson* v. *Shuler,* 203 Iowa 518, 210 N.W. 453, 455.

■ Here, the plaintiff had no interest whatever in the property or the business of either lessee. If the leaky roof caused a business loss to either lessee, it was the lessee's own separate and distinct rights that were injured. A landlord and tenant have separate and distinct estates in the demised premises. *Hudson Transit Corp.* v. *Antonucci,* 137 N.J.L. 704, 61 A.2d 180, 183, 4 A.L.R. 2d 1374.

■ The plaintiff has no independent right of action to recover for its tenants' damage. In effect, by the device of an unexecuted accord, or an accord without satisfaction between lessor and lessee, the plaintiff is attempting to enlarge and extend the builder's contractual obligation to include the tenants and collect on their behalf for alleged business losses. This it may not do.

■ An injured party may be entitled to recover from the defaulting party the amount of damages which he must pay to a third party as a result of a breach. But this is so only if the circumstances are such that the parties might reasonably be supposed to have contemplated at the time of making the contract, that a breach thereof would give rise to such liability. *Curtis Funeral Home Inc.* v. *Smith Lumber Co.,* 114 Vt. 150, 154, 40 A.2d 531; 25 C.J.S. Damages §46. We find nothing in the record to support the view that the parties had any such understanding. And parties are not presumed to know the condition of each other's affairs nor to take into account contracts with a third party that is not communicated. *Macchai* v. *Megow,* 355 Pa. 565, 50 A.2d 314, 316.

■ The claim asserted by each tenant against the plaintiff has as its basis the provision of the lease as to the maintenance and repair of the premises by the lessor. There is no privity of contract between the tenant and the defendant.

 The plaintiff seeks to impose consequential damages upon the defendant for which it is not liable to the plaintiff under the general principles of contract law. "Compensation is given for only those injuries that the defendant had reason to foresee as a probable result of his breach when the contract was made." Restatement, Contracts, §330; 5 Williston on Contracts, §§1347, 1356-1357; *Norton & Lamphere Construction Co.* v. *Blow & Cote Inc.,* 123 Vt. 130, 136, 183 A.2d 230. This general rule applies to construction contracts. 13 Am. Jur. 2d, Building and Construction Contracts, §77.

The premises were leased several months after the date of the construction contract. Thus, at the time the building contract was entered into, there were no leases existing between the plaintiff and its tenants. In this situation there was no possibility of damage to any tenant's interest because there was none.

 Furthermore, it appears the building was erected by the defendant in the late summer and fall of 1961. The leases are dated October 18, 1961. The leaky roof developed during the winter of 1961-1962 and leaked again the following winter. Consequently, the business operated by each lessee was a new business and not that of a going concern. The general rule is that evidence of expected profits from a new business is too speculative, uncertain, and remote to be considered and does not meet the legal standard of reasonable certainty. 22 Am. Jur. 2d, Damages, §173, note 16. Accordingly, recovery for lost profits is not generally allowed for injury to a new business with no history of profits; *Ibid,* note 17; *Weiss* v. *Revenue Building & Loan Ass'n.,* 116 N.J.L. 208, 182 A. 891, 104 A.L.R. 129; *Winslow Elevator and Machine Co.* v. *Hoffman,* 107 Md. 621, 69 A. 394, 396, 17 L.R.A.,N.S., 1130.

In *Matzger* v. *Arcade Building & Realty Co.,* 102 Wash. 423, 173 P. 47, 49-50, there was a breach of the covenant in the lease for quiet enjoyment of the premises. The court there said that "The measure of damages for an interruption of quiet enjoyment by the landlord is the difference between the value of the use of the property as furnished by the landlord and the rent reserved. In other words, it is the diminished value of the use of the property," citing Tiffany on Landlord & Tenant, §79g; Underhill on Landlord & Tenant, §432; Taylor's Landlord & Tenant, §§177, 317; 16 R.C. Law, §770. The court stated that loss of profits is usually considered too contingent and speculative

holding that "The general rule should not be departed from unless it is impossible to measure the losses by it, or the character of the business is such and the proof of the profits so clear that the court can say as a matter of law that loss of profits was within the contemplation of the parties at the time the contract was made. If this be so, it will declare lost profits to be the measure of damages."

In the instant case the amount of damages arrived at by the plaintiff and its tenants was determined only by conference and agreement which is contrary to the foregoing rule of damage.

Under the stipulated facts and pleadings there can be no recovery by the plaintiff for the claimed business losses of its tenants. Our answer to Question (a) also disposes of Questions (b) and (c). Furthermore, they concern the admission or rejection of evidence pending trial. As such they are not proper questions to be certified to this court for review. *Miller Automobile Co.* v. *State Highway Board,* 126 Vt. 389, 391, 233 A.2d 48.

*Affirmed and remanded.*

Following the filing of the opinion in this case, the plaintiff requested leave to amend its declaration in this court to include facts which it claims appeared during a prior partial trial but are not in the record before us. Since the case is here on certified questions the motion is inappropriate not being within the scope of those questions. If an amendment is proper to be made to plaintiff's declaration, it is not to be made in this court but should be addressed to the court below, if the plaintiff be so advised. See *Dresden School District* v. *Norwich Town School District,* 124 Vt. 227, 230, 203 A.2d 598; *Avery* v. *Bender,* 124 Vt. 309, 316, 204 A.2d 314.

Plaintiff's motion for leave to reargue presents no argument which convinces us that, if allowed, there would be any change in the result. Any new matter included in the motion is not for our consideration.

*Each motion is denied. Let full entry go down.*