**VERMONT COUNTRY FOODS, INC., Plaintiff–Appellant,**

v.

**SO–PAK–CO, INC., and Unaka Company, Inc., Defendants–Appellees.**

No. 05–3429.

United States Court of Appeals, Second Circuit.

March 16, 2006.

Richard Coutant, of Bellows Falls, VT, for Appellant.

Marc Heath and Eric Poehlmann, of Burlington, VT, for Appellees.

Present: ROSEMARY S. POOLER, BARRINGTON D. PARKER, Circuit Judges, and DENNY CHIN,* District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Vermont Country Foods, Inc. ("VCF" or "appellant") filed a complaint against So–Pak–Co, Inc. ("SPC") and Unaka Company, Inc. ("Unaka") on March 25, 2002, in the United States District Court for the District of Vermont (J. Garvan Murtha, *J.*). (**A 22–37**). On July 28, 2004, the district court granted SPC's motion for partial summary judgment. (**A 804–09**). The remaining claims (counts II, IV, and V) were scheduled to proceed to trial. On April 14, 2005, the court denied VCF's motion to amend its complaint. (**A 15**). On May 27, 2005, the jury returned a verdict granting VCF the credit it sought, rejecting VCF's other claims, and finding VCF liable to SPC for a net amount of $216,686.92, not including interests and costs. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

---

* The Honorable Denny Chin of the United States District Court for the Southern District of New York sitting by designation.

The first two issues on appeal are from the district court's summary judgment decision. This Court reviews *de novo* the summary judgment decision by a district court. *Pepsico, Inc. v. Coca–Cola Co.*, 315 F.3d 101, 104 (2d Cir.2002) (per curiam). Summary judgment is appropriate only where, "[e]xamining the evidence in the light most favorable to the nonmoving party," *Adjustrite Sys., Inc. v. GAB Bus. Servs., Inc.*, 145 F.3d 543, 547 (2d Cir. 1998), the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

The final issues, the district court's denial of VCF's motion to amend its complaint and refusal to admit the draft contract into evidence, are reviewed for abuse of discretion. *See Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir.2003); *United States v. Slaughter*, 386 F.3d 401, 403 (2d Cir.2004). A district court abuses its discretion "when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision— though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir.2001) (footnotes omitted).

■ First, the district court correctly dismissed VCF's tort claims for misrepresentation. Vermont courts are careful to maintain a line between contract and tort theories of recovery. *Breslauer v. Fayston Sch. Dist.*, 163 Vt. 416, 421, 659 A.2d 1129 (1995) (affirming dismissal of negligence claim for economic losses resulting from breach of employment contract). This Court has found that in order to prevent "open-ended liability, courts have applied the economic loss rule ["ELR"] to

prevent the recovery of damages that are inappropriate because they actually lie in the nature of breach of contract as opposed to tort." *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 16 (2d Cir.2000). The Supreme Court of Vermont explained in *Springfield Hydroelectric Co. v. Copp*, 172 Vt. 311, 779 A.2d 67 (2001), that "negligence law does not generally recognize a duty to exercise reasonable care to avoid intangible economic loss to another unless one's conduct has inflicted some accompanying physical harm." *Id.* at 314, 779 A.2d 67 (internal quotation marks omitted). The Vermont court explained in *Springfield* that "claimants cannot seek, through tort law, to alleviate losses incurred pursuant to a contract." *Id.* at 315, 779 A.2d 67. Although once limited to product liability claims, under Vermont law the ELR now "clearly applies to commercial disputes outside the confines of product liability." *Springfield*, 172 Vt. at 315, 779 A.2d 67. The "underlying analysis" turns on whether there is a "duty of care *independent* of any contractual obligations." *Id.* at 316, 779 A.2d 67 (internal quotation marks and citations omitted) (emphasis in original). Without a duty of care, an action for negligence cannot stand. *Gus' Catering, Inc. v. Menusoft Sys.*, 171 Vt. 556, 559, 762 A.2d 804 (2000).

■ Here, VCF cites no duty owed by SPC separate from the agreements. As in *Logan v. Bennington College Corp.*, 72 F.3d 1017, 1029 (2d Cir.1995), the duty of care "is nothing more than the claim that [appellant] is entitled to receive that which is due him under the contract." *Id.* at 1029. Moreover, even if the ELR does not prohibit the tort claims, VCF points to no specific misrepresentation. Therefore, on the merits, VCF's claims for misrepresentation would fail.

■ Second, the district court was correct to find that under Vermont law, VCF

is not permitted to seek losses for future profits. In *Berlin Dev. Corp. v. Vermont Structural Steel Corp.*, 127 Vt. 367, 372, 250 A.2d 189 (1968), the Vermont Supreme Court held, "[t]he general rule is that evidence of expected profits from a new business is too speculative, uncertain, and remote to be considered and does not meet the legal standard of reasonable certainty. Accordingly, recovery for lost profits is not generally allowed for injury to a new business with no history of profits." *Id.* (citations omitted). And in *Vescio v. Merchs. Bank*, 272 B.R. 413, 436 (D.Vt.2001), the district court explained, "[u]nder Vermont law, a Plaintiff seeking to recover lost profits must show that his business (1) was a going concern with (2) an established history of profits." (citation omitted). Although VCF was in business for nearly eight years before the events at issue here, VCF was still in start-up mode when it brought its claims and had no established history of profits. Therefore, VCF is not eligible to seek future profits.

■ Finally, the district court did not abuse its discretion in denying VCF leave to amend its complaint and refusing to admit the draft processing agreements in evidence. Leave to amend "shall be freely given when justice so requires." Fed. R.Civ.P. 15(a). "In determining whether to grant leave to amend, the Court should consider whether the motion is being made after an inordinate delay without adequate explanation, whether prejudice to the defendants would result, whether granting the motion would cause further delay, and whether the amendment would be futile." *Mountain Cable Co. v. Pub. Serv. Bd.*, 242 F.Supp.2d 400, 403 (D.Vt.2003) (citing *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir.2000)). In its original complaint, VCF conceded that no contract was ever executed by either party. The amendment that VCF sought to make was that the parties entered into a contract whose terms were dictated by the September 22, 2001, draft agreement. The draft agreement maintains that "[e]xecution and delivery of this Agreement by both parties" is a condition precedent to SPC's performance. (A 831). The amendment was a futile one, and the district court did not abuse its discretion.

■ VCF nonetheless argues that it should have been permitted to include the draft agreements as evidence. The district court determines the relevance of evidence. *United States v. Lumpkin*, 192 F.3d 280, 287 (2d Cir.1999). It possesses wide discretion to exclude evidence posing "an undue risk of harassment, prejudice [or] confusion of the issues." *United States v. Pascarella*, 84 F.3d 61, 70 (2d Cir.1996) (internal quotation marks omitted). This Court has explained that decisions to admit or exclude evidence are reviewed for abuse of discretion and are overturned only where arbitrary or irrational. *Lumpkin*, 192 F.3d at 287–90. Here, the denial of the evidence was neither arbitrary nor irrational. The court's decision was based, in part, on the fear that the draft contracts, which were never executed, could be mistaken for a complete contract.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED**.