Madowitz v. The Woods at Killington Owners' Ass'n, Inc., No. 396-7-02 Rdcv (Teachout, J., July 9, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 396-7-02 Rdcv** |

**Richard Madowitz, et al.,**
    **Plaintiffs**

**v.**

**The Woods at Killington Owners' Association, Inc.,**
    **Defendant**

### DECISION
### Plaintiffs' Motion for Relief from Judgment; Motion to Reconsider Order

On January 31, 2012, this Court granted summary judgment to Defendant on Plaintiffs' remaining claim in this long-running case, namely Plaintiffs' claim for lost profit damages based on their claim as condominium developers that the Defendant condominium Association interfered with their rights to develop additional condominium units at The Woods at Killington. On February 16, 2012, Plaintiffs filed a motion seeking relief from this ruling and asking the Court to reconsider its decision. Plaintiffs contend that the record before the Court did not support the conclusion that Plaintiffs' proof of lost profit damages was too speculative.

Plaintiffs' argument is premised on their assertion that the Court based its decision on two facts that Plaintiffs claim were not supported by the summary judgment record: namely, that Plaintiffs Richard Madowitz and Douglas Kohl had never overseen a condominium development project together before and that Plaintiffs' evidence of lost profits must be speculative because of Vermont's unique regulatory environment. Even assuming that Plaintiffs are correct in their assertions that Madowitz and Kohl had previously been partners in profitable Massachusetts developments and that Vermont's Act 250 regulatory environment does not have a unique effect on profitability, the Court's decision is supported by the summary judgment record.

The evidence before the Court on summary judgment demonstrated that The Woods at Killington condominium development was not yet a profitable business entity at the time of the present suit, which was filed in 2002. Plaintiffs had not sold any condominium units or turned a profit since purchasing the development rights to the The Woods at Killington in 1994 following foreclosure against the original developer. Plaintiffs had no history of making profits in this venture. On the basis of these facts, the Court treated Plaintiffs as a new business entity for the purpose of calculating lost profit damages.

As stated in the Court's decision, "The general rule is that evidence of expected profits from a new business is too speculative, uncertain, and remote to be considered and does not meet the legal standard of reasonable certainty." *Berlin Dev. Corp. v. Vt. Structural Steel Corp.*, 127

Vt. 367, 372 (1968). This general rule applies here. Plaintiffs, as the party making the claims for damages, have the burden of showing that their claimed damages are not based on "speculation and conjecture." See *Pinewood Manor, Inc. v. Vt. Agency of Transp.*, 164 Vt. 312, 318 (1995). Plaintiffs failed to meet that burden.

Rather, Plaintiffs have pointed to the profitability of unrelated condominium developments in Massachusetts. The Court concluded that this showing was not sufficient. At issue was the potential profitability of The Woods at Killington development and not the profitability of the wholly separate Massachusetts developments. On the basis of the record before it, the Court concluded that any evidence of lost profit damages presented by Plaintiffs was too speculative.

Plaintiff's present motion does not show any manifest errors that would have altered the Court's decision. See *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir. 1995) (setting forth the standard that motions for reconsideration should generally be denied absent evidence "that might reasonably be expected to alter the conclusion reached by the court.")

For the foregoing reasons, the Court denies Plaintiffs' Motion for Relief from Judgment and Motion to Reconsider Order.

**ORDER**

Plaintiffs' Motion for Relief from Judgment and Motion to Reconsider Order are *denied*.

Dated at Rutland this 9th day of July, 2012.

_____
 Hon. Mary Miles Teachout
 Superior Court Judge

2