Weinstein v. Harmon et. al., No. 139-3-13 Bncv (Wesley, J., Sept. 26, 2013).

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| | |
|---|---|
| **SUPERIOR COURT**<br>**Bennington Unit** | **CIVIL DIVISION**<br>**Docket No. 139-3-13 Bncv** |

| | |
|---|---|
| **Jennifer Weinstein,**<br>**Plaintiff.**<br><br>**v.**<br><br>**Tommy A. Harmon, Jr. individually and on Behalf of Rocking Stone Farm Homeowners' Association, Inc., Maureen Harmon, individually and on behalf of Rocking Stone Farm Homeowners' Association, Inc., Nelson Harmon, individually and on behalf of Rocking Stone Farm Homeowners Association, Inc., Rocking Stone Farm Homeowners' Association, Inc., Rocking Stone Farm, LLC., Jeanmarie Lenoard, and Carol Sayour,**<br>**Defendants.** | |

### Opinion & Order
**Re: Motion to Dismiss by Defendants Tommy A. Harmon, Jr., Maureen Harmon, Nelson Harmon, and Rocking Stone Farm, LLC (Motion #1); Defendant Rocking Stone Farm Homeowners' Association, Inc.'s Motion to Dismiss Count Seven (Motion #2);Defendants Jeanmarie Leonard's and Carol Sayour's Motion to Dismiss Claims Set Forth in Counts Four and Seven (Motion #3); Defendant Harmon's Motion to Dismiss Count 9 (Motion #4)**

### Factual Background

Plaintiff sues Defendants over the construction of a barn and stone walls within a housing development in Manchester, Vermont. The motions to dismiss, which are the subject of this opinion, do not challenge the viability of a number of the claims between neighbors who are central to the dispute.  Rather, as urged by Defendants during argument at the hearing on the motion held September 4, 3013, they seek to streamline a case freighted by extraneous counts that have no basis in law.  Indeed, as discussed below, the Court must conclude that Plaintiff's blunderbuss approach to pleading, which doubtless was intended for some presumed tactical advantage, verges perilously close to the boundaries of bad faith. See. V.R.C.P. 11. Except as explained below, Defendants' motions to dismiss are granted.

The complaint raises ten counts against Defendants, who are implicated in the dispute by their various capacities, including eight counts for breach of contract, one count for defamation, and a request for attorney's fees. Defendants Lenoard and Sayour caused the construction of the

barn and stone walls on their property in the housing development. Rocking Stone Farm, LLC is the corporation that originated the housing development. Rocking Stone Farm Homeowners' Association now administers the development. Tommy Harmon once controlled Rocking Stone Farm, LLC and is now the president of the Homeowners' Association. Maureen Harmon and Nelson Harmon are officers of the Homeowners' Association.

Rocking Stone Farm is a housing development. Its Declaration, as issued by Rocking Stone Farm, LLC, became effective on August 10, 2006. There are twelve lots within the subdivision. The Declaration contains instructions and restrictions governing how the subdivision operates. Among other things, the Declaration restricts where the residents may place barns and fences. The Declaration also creates rights and duties that run among the residents and between the residents and the Homeowner's Association.

The dispute underlying this suit started when Sayour and Lenoard began to construct a barn within the subdivision on May 30, 2012. Sayour and Leonard completed the barn on September 4, 2012. In November 2012, Plaintiff communicated her belief to Sayour, Leonard, the Homeowners' Association, its officers, and the Development Corporation that the construction violated the Declaration. On December 31, 2012, Plaintiff wrote to the Homeowners' Association, its officers, and the Development Corporation to request they address the alleged violation of the Declaration. None of these parties responded to Plaintiff's requests to her satisfaction.

In addition to these efforts, Plaintiff also contested the zoning approval issued in connection with the barn. On November 28, 2012, Tommy Harmon wrote Plaintiff a letter requesting she stop opposing Leonard and Sayour's efforts to receiving zoning approval for the barn. The letter began: "I am writing you on behalf of The Rocking Stone Farm Homeowners' Association, Inc., (the 'Association') with respect to your appeal of the efforts by Matthew Leonard and his family to permit the relocation of a historic barn…" Harmon's letter relied on provisions in the Declaration which prohibit residents from interfering with the zoning permitting process. The letter concluded: "the Association will deem any continued pursuit of an appeal with respect to the relocation of the Barn to be in violation of the Declaration, and will reserve the right to pursue all remedies available to it by law and under the terms of the Declaration." On September 13, 2013, the Vermont Supreme Court rejected Plaintiff's appeal and affirmed the zoning administrator's decision to grant the permit

On May 15, 2013, Plaintiff sued Defendants. Count I is a claim for breach of contract against Tommy Harmon, Maureen Harmon, Nelson Harmon, the Homeowners' Association, the Development Corporation, Sayour, and Leonard. Plaintiff claims Defendants breached the Declaration by failing review the architecture of a building constructed within the subdivision. Count II is a claim for breach of contract against the same defendants for failure to evaluate the architecture, but it relies on a different provision. Count III is a claim for breach of contract against the same defendants for building a barn outside of the specified building area. Count IV is a claim for breach of contract against Sayour and Lenoard for violating the Manchester Zoning Ordinances and a provision of the Declaration. Count V is a claim for breach of contract against Tommy Harmon, Maureen Harmon, Nelson Harmon, the Homeowners' Association, the Development Corporation, Sayour, and Leonard for constructing the barn without considering its

relationship to neighboring units. Count VI is a claim for breach of contract against the same defendants for failure to consider Plaintiff's privacy. Count VII is a claim for breach of contract against the same defendants for constructing rock walls. Count VIII is a claim for breach of contract against Sayour and Leonard for cutting trees. Count IX is a claim for defamation against Tommy Harmon. Count X is a claim against all defendants for legal fees.

## Procedural History

On April 15, 2013, Tommy Harmon, Maureen Harmon, Nelson Harmon, and Rocking Stone Farm, LLC moved to dismiss the claims against them (Counts I–III, V–VII, and X). These Defendants argue that only the Homeowners' Association can be liable for claims that its officers failed to enforce the Declaration. Also on April 15, 2013, Leonard and Sayour moved to dismiss Count IV and VII. Leonard and Sayour argue they did not violate the Manchester Zoning Ordinances and construction of the rock walls was proper. The Homeowner's Association joined that argument with respect to Count VII. On April 15, 2013, Tommy Harmon also moved to dismiss Count IX arguing that his letter to Plaintiff contained opinions rather than facts.

On April 29, 2013, Plaintiff opposed all motions. Following further pleading by Defendants, the Court held oral arguments on September 4, 2013. All parties were represented by counsel at oral argument.

## Standard of Review

The Court disfavors and rarely grants motions to dismiss. *See Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. The Court uses motions to dismiss to evaluate the law in a pleading. *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002). Accordingly, the Court will only grant a motion to dismiss when there are "no facts or circumstances, consistent with the complaint that would entitle Plaintiff to relief." *Bock*, 2008 VT 81, ¶ 4. For this motion, the Court assumes the truth of all facts offered by the non-moving party. *Id.*

## Discussion

1. *Motion to Dismiss by Defendants Tommy A. Harmon, Jr., Maureen Harmon, Nelson Harmon, and Rocking Stone Farm, LLC (Motion #1)*

The Court first considers the motion to dismiss filed by Tommy Harmon, Maureen Harmon, Nelson Harmon, and the Rocking Stone Farm, LLC. The complaint raises no claims against these defendants, except in their capacities as officers of the Homeowners' Association, or as the developer. Defendants argue they cannot be liable to Plaintiff for breach of contract because there is no privity of contract between them and Plaintiff.[1] The Vermont Supreme Court

---

[1] Vermont adopted the Uniform Common Interest Ownership Act. *See* 27A V.S.A. § 1-101. The act applies "to all common interest communities that contain 12 or more units that may be used for residential purposes and are created within this state after the effective date of this title." 27A V.S.A. § 1-201(a); *see also* 27A V.S.A. § 1-103(7) (defining common interest community). The effective date of the title was January 1, 1999. 27A V.S.A. § 1-101. The Declaration in this case became effective Aug. 10, 2006 and the subdivision contained twelve units. "An action alleging a wrong done by the association, including an action arising out of the condition or use of the common elements, must be brought only against the association and not against any unit owner." 27A V.S.A. § 3-111. The

discussed the obligations of developers to landowners in *Ferrisburgh Realty Investors v. Schumacher*. 2010 VT 6, ¶¶ 1–2, 187 Vt. 309. For a plaintiff to recover on a contract claim, that plaintiff must be a party to a contract with the defendant. *See id.*, 2010 VT 6, ¶ 12. Ordinarily, where "there is no privity of contract between the" parties, a plaintiff cannot recover from defendants under contract law. *See Berlin Dev. Corp. v. Vt. Structural Steel Corp.*, 127 Vt. 367, 371 (1968) (discussing privity in the context of a building contract); *see also Long Trail House Condo. Ass'n v. Engelberth Constr., Inc.*, 2012 VT 80, ¶ 31, 192 Vt. 322 (noting contractual privity is usually required to bring suit on an implied warranty claim, which is a type of breach of contract).

In this case, there is no contractual privity between Plaintiff and the listed defendants based on acts of the association. The association itself, rather than its officers, is in contractual privity with Plaintiff to follow the rules and procedures set in Declaration. There is no contract between the officers of the Homeowners' Association and Plaintiff that Plaintiff can enforce. Therefore, the Court must dismiss these claims against the officers of the homeowner's association, to the extent Plaintiff sues them as officers.

Plaintiff raises two arguments to explain her claims. First, Plaintiff notes the word privity does not appear in *Ferrisburgh*. *See* 2010 VT 6. According to Black's Law Dictionary (8th Ed.), privity of contract means: "The relationship between the parties to a contract, allowing them to sue each other but preventing a third party from doing so." Although *Ferrisburgh* does not use the word privity it discusses the concept. *See* 2010 VT 6, ¶¶ 12–13. The Court reads opinions as a whole rather than for the use of individual words. Importantly, *Berlin* incorporates the concept of privity in its analysis, and applies it in a manner consistent with Defendants' understanding. *See* 127 Vt. at 371. *See also, Long Trail House*, 2012 VT 80, ¶ 31.

Second, Plaintiff argues her claims for breach of contract against the directors are proper because they are claims for violation of the duty of good faith.[2] Plaintiffs' arguments fail because she has not pled claims for violation of good faith, nor alleged any facts which would support such claims. Instead, her claims all sound in breach of contract. A claim for a violation of the duty of good faith must be raised as a tort. *See Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 54, fn. 5, 179 Vt. 167 (considering the duty of good faith between a lender and a borrower); *see also See Lyon v. Bennington College Corp.*, 137 Vt. 135, 138 (1979) (indicating claims against a corporate officer for interfering with a contract are part of tort law rather than contract law). Again, to sustain an action against the officers for a violation of the duty of good faith, Plaintiff must have pled the claim.

---

statutes suggest this action may not be brought against the officers of the Homeowners' Association. Nevertheless, the parities neither raised this argument nor briefed the Court on how the Vermont Common Interest Ownership Act applies, if at all, to this case. Beyond this mention, the Court does not rely on the Vermont Common Interest Ownership Act.

[2] Though not presently framed by Plaintiff's complaint, a claim against the officers of homeowners association for violating good faith may be actionable in Vermont if properly pled and supported. *See* Restatement (Third) of Property: Servitudes § 6.14. To the Court's knowledge, Vermont has not explicitly adopted section 6.14. If a party had raised the Restatement, then the Court would consider if section 6.14 applies in Vermont. Nevertheless, the burden of showing a violation of good faith against officers of a homeowners' association is a high and Plaintiff must show more than an "honest mistake in judgment." *See id.* cmt. a.

4

2. *Defendants Jeanmarie Leonard's and Carol Sayour's Motion to Dismiss Claims Set Forth in Counts Four and Seven (Motion #3)*

The next motion discusses Leonard's and Sayour's liability for allegedly violating the Manchester Zoning Ordinances (Count IV) and for constructing a rock wall (Count VII). The Court first considers the alleged violation of the Manchester Zoning Ordinance. Plaintiff provides no authority for the proposition that she may seek equitable and monetary relief in this civil suit for a claimed zoning violation, the adjudication of which fell within the jurisdiction of the Environmental Court.[3] Yet, even assuming Plaintiff might invoke the Declaration to enforce a claimed violation of the Manchester Zoning Ordinance, the Vermont Supreme Court has ruled that construction of the barn did not violate the zoning ordinance. *In re Lenard & Sayour Permitted Use Zoning Permit*, No. 2013-80 (Vt. Sept. 13, 2013), *available: https://www.vermontjudiciary.org/UPEO2011Present/eo13-080.pdf* . That decision is the conclusive law of the case with respect to the barn's compliance with the zoning regulations. In the face of the Supreme Court's ruling, Plaintiff cannot sustain an action for breaching the Manchester Zoning Ordinances.[4] Count IV must be dismissed.

Plaintiff's claim that Leonard and Sayour breached the Declaration by constructing two rock walls (Count VII) presents the only close question raised by the motions to dismiss. The Declaration prohibits constructing fences except near the entrance and as required for security purposes. Leonard and Sayour argue the Declaration refers to fences and not walls and that the Declaration specifically refers to walls in other provisions. The Court concludes that the references in the Declaration to the placement of walls and fences does not permit a clear distinction between the two terms, both of which reference means of denoting boundaries, among other uses. *See Isbrandtsen v. No. Branch Corp.*, 150 Vt. 575, 576 (1988) (appropriate when inquiring into existence of ambiguity in a written instrument for court to consider the circumstances surrounding the making of the agreement and if ambiguity is found court may rely on subordinate rules of construction to interpret the meaning of disputed terms). The determination of whether the rock walls are fences within the meaning of the Declaration requires consideration of facts with respect to the intentions of the declarants, as applied to the circumstances here. On a motion to dismiss, the Court must allow this claim. *See Bock*, 2008 VT 81, ¶ 4.

---

[3] Claims for zoning violations must be brought before the environmental division. See 4 V.S.A. § 34(1) (giving environmental court jurisdiction over chapter 220 of Title 10); 10 V.S.A. § 8503(b)(indicating appeals from zoning decisions should be brought before the environmental division); 24 V.S.A. § 4471(a) (indicating appeals from a municipal regulatory proceeding should appear before the environmental division).

[4] Plaintiff objected to Defendants providing the Court a copy of the Supreme Court's decision in further support of its motion to dismiss. Plaintiff provides neither explanation nor citations supporting the argument that the Court should be precluded from considering the Supreme Court's opinion. The Court may take judicial notice of the facts of related cases. *See* V.R.E. 201; *Sprague v. Nelly*¸ 2005 VT 85, ¶ 3, 178 Vt. 222; *In re Hunter*, 167 Vt. 219, 225, fn* (1997). Additionally, the Court may rely on unpublished entry orders from Vermont Supreme Court to determine claim preclusion, issue preclusion, and the law of the case. *See* V.R.A.P. 33.1(d)(2). At the time Plaintiff argued the barn violated the Manchester Zoning Ordinance, the Vermont Environmental Court had ruled against her. *See In re Leonard & Sayour Zoning*, No. 118-8-12 Vtec, 2013 WL 582241 (Vt. Envt'l Ct. Feb. 5, 2013) (Durkin, J.), and that decision now affirmed on appeal has become final and preclusive.

5

3. *Defendant Rocking Stone Farm Homeowners' Association, Inc.'s Motion to Dismiss Count Seven (Motion #2)*

The Homeowner's Association adopted the reasoning presented in Leonard and Sayour's motion to dismiss in regard to the rock walls (Count VII). For the reasons discussed above, the Court must deny the Homeowners' Association's motion in regard to Count VII.

4. *Defendant Harmon's Motion to Dismiss Count 9 (Motion #4)*

Finally, the Court considers Tommy Harmon's motion to dismiss Plaintiff's defamation claim (Count IX). The issue presented by this motion is whether Harmon's letter to Plaintiff advising her to desist from her participation in the zoning appeal contained false statements of fact.

> To create liability for defamation there must be: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Restatement (Second) of Torts § 558; *see also Lent v. Huntoon*, 143 Vt. 539, 547 fn. 1 (1983) (citing section 558 of the Restatement).

As argued by Defendant, the letter advising Plaintiff of Harmon's opinion that she was in violation of the Declaration is not defamatory because it does not contain a false factual statement. Plaintiff's claim for defamation rests on Harmon's statement: "the Association will deem any continued pursuit of an appeal with respect to the relocation of the Barn to be a violation of the Declaration, and will reserve the right to pursue all remedies available to it by law and under the terms of Declaration." That statement represents Harmon's opinion about the law combined with a potential threat of litigation. Plaintiff's vigorous insistence that the opinion is based on an erroneous view of the effect of the law as applied to the facts does not transform the statement into an assertion of untrue facts. Indeed, as noted during oral argument, the statement is the type which lawyers regularly make on behalf of their clients, as conceded by Plaintiff's counsel. Such opinions are not actionable as defamation, and Plaintiff does not persuasively distinguish the statement challenged here from the host of "lawyer letters," in this county and nationwide, that regularly precede anticipated litigation based on an opinion that certain conduct gives rise to a legal remedy. The challenged statement is an opinion, not a false assertion of fact, and therefore the Court must dismiss the claim for defamation.

5. *Conclusion*

Count I remains against the Homeowner's Association, Sayour, and Leonard. Count II remains against the Homeowner's Association, Sayour, and Leonard. Count III remains against the Homeowner's Association, Sayour, and Leonard. Count IV is dismissed. Count V (remains against the Homeowner's Association, Sayour, and Leonard. Count VI remains against the Homeowner's Association, Sayour, and Leonard. Count VII remains against the Homeowner's

Association, Sayour, and Leonard. Count VIII remains against Sayour and Leonard. Count IX is dismissed. Count X remains against the Homeowner's Association, Sayour, and Leonard.

## Order

**WHEREFORE** it is hereby **ORDERED:** The Court **GRANTS** the Motion to Dismiss by Defendants Tommy A. Harmon, Jr., Maureen Harmon, Nelson Harmon, and Rocking Stone Farm, LLC (Motion #1). The Court **DENIES** Defendant Rocking Stone Farm Homeowners' Association, Inc.'s Motion to Dismiss Count Seven (Motion #2). The Court **GRANTS IN PART** and **DENIES IN PART** Defendants Jeanmarie Leonard's and Carol Sayour's Motion to Dismiss Claims Set Forth in Counts Four and Seven (Motion #3). Specifically, the Court **GRANTS** the motion in regard to Count IV and **DENIES** the motion in regard to Count VII. The Court **GRANTS** Defendant Harmon's Motion to Dismiss Count 9 (Motion #4).

The parties shall consult and submit no later than 15 days from this entry a Rule 16.3 scheduling order, including the specification of an ADR method and date for completion.

Dated at Bennington, Vermont on September 26, 2013.

_____
John P. Wesley
Superior Court Judge