# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                         Docket No. 173-12-13 Vtec

---

Killington Resort Parking Project Act 250 Permit Application

---

## ENTRY REGARDING MOTION

Title:          Motion to Continue  &  Stay Proceedings (Motion 6)
Filer:          Pinnacle Condo Association, Inc.
Attorney:     Jon S. Readnour
Filed Date:    March 5, 2015

Response filed on 04/06/2015 by Attorney Christopher D. Roy for Appellee Killington/Pico Ski Resort Partners

**The motion is DENIED.**

Following a merits hearing in this matter that was completed on October 30, 2014, Pinnacle Condominium Association, Inc. ("Pinnacle") filed a motion for a continuance and stay of proceedings pending resolution of a matter before the Civil Division of the Vermont Superior Court[1] ("Docket No. 721-12-14 Rdcv"). Pinnacle asserts that Killington/Pico Ski Resort Partners ("Applicant") has failed to demonstrate adequate property rights to conduct the planned development as the primary reason in support of their motion.

Pinnacle has provided a thorough summary of the deeds that govern the legal interests in the land that Applicant wishes to develop. For sake of simplicity and with a focus solely upon the facts and law relevant to our current analysis, we summarize their argument by noting that Applicant holds fee simple title to the property it wishes to develop, but that that property is encumbered by easements benefitting Pinnacle.

As proposed, Road H and Killington Road will be connected by Old Mill Road and the proposed Lot B will be constructed over a portion of Old Mill Road. Pinnacle asserts that this reconfiguration and new development will impermissibly interfere with an easement providing access to the Pinnacle Condominium Development. By their motion, Pinnacle asks this Court to stay this appeal pending the Civil Division's resolution of the complaint in Docket No. 721-12-14 Rdcv, which, they argue, will resolve any dispute as to Applicants' property rights to Old Mill Road.

---

[1] Pinnacle Condominium Assoc., Inc. v. SP Land Co., LLC and Killington/Pico Ski Resort Partners, Docket No. 721-12-14 Rdcv (Vt. Super. Ct. Civ. Div.).

Pinnacle's motion, in this context, requests "a 'suspension of proceedings' until a specified event occurs in another case." In re Woodstock Community Trust and Housing Vermont PRD, 2012 VT 87, ¶ 36, 192 Vt. 474, quoting Stone v. Briggs, 112 Vt. 410. 412-13 (1942). As the party seeking a stay of proceedings, Pinnacle "'must make out a clear case of hardship or inequity in being required to go forward' if there is a possibility that a stay will damage someone else." Id.

Here, Pinnacle does not offer any compelling claim that continuing this matter in the post-trial process will cause damages or hardship; rather, they argue that our approval would obstruct their property rights. We disagree. This Court's jurisdiction is limited to the Act 250 application before the Court; we will not determine new property rights in this litigation, nor will our approval of the pending permit application, or its denial, confer property rights on any party. See In re Britting Wastewater/Water Supply Permit, No. 259-11-07 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Apr. 7, 2008) (Wright, J.) ("[R]esolution of adjacent landowners' rights regarding a disputed right-of-way is beyond the jurisdiction of this Court."). Given that Pinnacle has already commenced litigation in the proper forum to resolve the parties' property rights claims, we and the parties are assured that the proper trial court will address these issues, leaving this Court to focus on adjudicating the land use issues properly before this Court.

Pinnacle relies upon this Court's rulings in the Wilcox Ice Cream Factory appeal. While that appeal did have some similarities to the appeal at bar, there are material differences in the two projects and their procedural posture that guide our decision to not grant a stay here. First, in Wilcox there were two feuding brothers, each of whom asserted a fee simple interest in the subject property; those claims were so serious as to warrant the commencement of a land partition action in what was then known as the Bennington County Superior Court. In re Wilcox Ice Cream Factory, No. 70-4-07 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div., July 8, 2010) (Durkin, J.), citing Howard Wilcox v. Gerald Wilcox, No. 96-3-06 Bncv (Vt. Sup. Ct. Feb. 18, 2010) (Suntag, J.). In the Killington land use appeals, Applicant holds fee simple title to the property it wishes to develop, which is encumbered by easements benefitting Pinnacle. Furthermore, while the property rights dispute between the parties here involves serious and consequential interests, it cannot be fairly described, like Wilcox, as two adverse parties fighting over fee simple title to real property. While Pinnacle often uses the term "exclusive" in its memoranda, the title documents presented do not support such a characterization. Lastly, in Wilcox the partition action had already been tried, a decision rendered, and an appeal filed with the Vermont Supreme Court, whereas the land use appeal had not yet gone to trial. In the pending Killington land use appeals, although the Court has already completed the trial and the parties await our decision, the quiet title action has yet to go to trial. For all these reasons, we conclude that the Wilcox rulings do not support a determination that a stay of these post-trial proceedings is warranted here.

Fairness and efficiency require that an applicant have some discretion in how it proceeds through the permitting process; neither this Court nor permit opponents should prevent this process from moving forward unless a stay is appropriate to avoid unnecessary cost or delay. Applicants oppose Pinnacles motion and express a strong interest in having this appeal resolved expeditiously, regardless of the outcome in the civil action. We find that continuing this appeal would further delay the permitting process with little savings in cost or

time, and would not alter the Civil Division's resolution of the civil action.  We therefore decline to stay this appeal on the chance that resolution of Pinnacle's civil action may have some effect on the Act 250 permit application.  Therefore, Pinnacle's motion to stay the appeal in Docket No. 173-12-13 Vtec is **DENIED**.

**So ordered.**

Electronically signed on May 13, 2015 at Newfane, Vermont pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:

Nathan H. Stearns (ERN 3585) and C. Daniel Hershenson (ERN 3586), Attorneys for Appellants Stephen Durkee, Mountainside Properties, Inc., Mountainside Development, Inc., Fireside Properties, LLC, and Killington Village Prop. Inc.

Christopher D. Roy (ERN 1352), Attorney for Appellee Killington/Pico Ski Resort Partners

Jon S. Readnour (ERN 2166), Attorney for Interested Person Pinnacle Condo. Association, Inc

Gregory J. Boulbol (ERN 1712), Attorney for Interested Person Natural Resources Board

Elizabeth Lord (ERN 4256), Attorney for Interested Person Agency of Natural ResourcesChristopher D. Roy (ERN 1352), Attorney for Appellant SP Land Company, LLC

Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board

Elizabeth Lord (ERN 4256), Attorney for the Vermont Agency of Natural Resources